IN THE MATTER OF THE APPLICATION OF CHARLES. S. DESKY FOR A WRIT OF MANDAMUS AGAINST JAMES A. KING, Minister of the Interior.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 20, 1899.          DECIDED AUGUST 14, 1899..

JUDD, C.J., FREAR AND WHITING, JJ.

Sections 90-93, Act 64, Laws of 1896, which impose a fee of five dollars for each theatrical performance, may be sustained, so far as the amount of the fee is concerned, as a valid exercise of the taxing power, whether as a valid exercise of the police power or not.

The Minister of the Interior is not obliged to deliver the license until payment of the fee.

The Minister cannot arbitrarily refuse an application for a license on the ground that the applicant has not procured from the marshal an approval of the application.

OPINION OF THE COURT BY FREAR, J.

This is an application by the owner and proprietor of the Orpheum Theater in the city of Honolulu for a writ of mandamus to compel the Minister of the Interior to issue to him licenses to give theatrical performances at certain times at the said theater. The Circuit Judge allowed an alternative writ and after a hearing upon that and the return dismissed the petition and discharged the writ. The petitioner now comes here on appeal.

In view of the petition, writ and return and the arguments thereon, there seems to be one question to be decided, namely, whether the provision of the statute prescribing a fee of five dollars for each performance (the refusal to pay which fee is given

as the main reason for the refusal to issue the licenses) is consti-
tutional or not. There is a stipulation on file that pending these
proceedings the petitioner may apply for licenses, the Minister
grant them, and the petitioner pay the statutory fees under pro-
test and without prejudice to his rights in this case.

The contention on behalf of the petitioner is that the portion
of the general license act which relates to public shows (Sections
90-93, Act 64, Laws of 1896; Sections 779-782, Penal Laws) was
intended to impose merely a license fee as distinguished from a
tax, that is, a fee for the purposes of regulation and not for the
purposes of revenue, and that therefore the fee must be reason-
able in amount as determined by the extent of regulation neces-
sary, and that the fee in question is excessive and therefore un-
constitutional.

There is a marked distinction between a license fee proper and
a tax upon an occupation. The former is imposed in the exercise
of the police power and in general must be limited by the extent
to which regulation is reasonably required. The latter is imposed
in the exercise of the power to tax and is subject to no such restric-
tion. The question whether a fee has been imposed for purposes
of regulation or of revenue has generally arisen under ordinances
passed by municipal governments acting under powers delegated
by legislative bodies. In such cases a construction of the statute
delegating the legislative power has often been necessary in order
to ascertain the extent to which the power has been delegated. If
a municipality is given power merely to license or to regulate oc-
cupations, it of course cannot tax them. It can impose fees for the
purposes of regulation only and must be limited to such reason-
able amounts as the purposes of regulation require in the particu-
lar cases. Such fees may cover the cost of the issuance of the
license, the expenses of necessary police supervision and inspection
and the incidental expenses to which the public may be put by
reason of the exercise of the occupation. In some cases any more
than a nominal fee might be excessive. In other cases, as in the
case of vendors of intoxicating liquors, the fee may be large,—
even so large as to be prohibitive of the business, if the business is

regarded as harmful or dangerous in itself and not merely by reason of the manner in which it is carried on in particular cases. On the other hand, if the municipality is given the power to tax it may impose fees without reference to the question of regulation, the amount of which is a matter within the discretion of the power imposing them, subject of course to constitutional restrictions, and of course the tax could not be made so large as to be prohibitive of the business, for that would defeat the purposes for which the grant of power to tax was made.

Whether the fee in the present case would be excessive if it were imposed for purposes of regulation only is a question that we need not decide, for in our opinion it may be sustained as to its amount by reference to the power to tax whether it may be sustained by a reference to the police power or not. We however call attention to the fact that the business in question is one that is usually regarded as calling for more or less police supervision, generally requiring the attendance of one or more police officers at each performance to control the arrival and departure of vehicles and for other purposes.

This case differs from those chiefly relied on for the petitioner (see, for instance, *In re Wan Yin*, 22 Fed. Rep. 701; *City of Ottumwa v. Zekind*, 95 Ia. 622; *Chilvers v. People*, 11 Mich. 43) in that the statute in this case was passed by the legislature itself which was free to act under either the police power or the tax power or both subject only to constitutional restrictions, while those were cases of ordinances passed by municipal governments acting under limited delegated powers,—with in fact only power to license or regulate and not to tax. It is, however, contended on behalf of the petitioner that the legislature in passing the portion of the statute in question intended to act solely under its police power for purposes of regulation and did not intend to exercise its power to tax. We cannot so hold. This is a portion of a comprehensive act relating to licenses, some portions of which apparently were intended chiefly for purposes of regulation and others just as clearly chiefly for purposes of revenue. We cannot select certain parts and say that in passing them the legisla-

ture intended to exercise its police power only and that in passing other parts it intended to exercise its taxing power only. It presumably intended to pass the statute that it did pass by virtue of every power it had. We could hardly attribute to the legislature, in the absence of clear proof, an intention to pass an act in the exercise of one of its powers, the act to be held unconstitutional if unauthorized as an exercise of that power, when it might have passed the same act constitutionally in the exercise of a different power which it undoubtedly possessed. The presumption is in favor of the constitutionality of the act. The provisions of the law in question must be upheld as a valid exercise of the police power or not. It was probably designed partly for revenue and partly for regulation and therefore passed in the exercise of both powers.

It may be that the legislature when it fixed the amount of the fee in question contemplated only occasional performances such as occurred here at that time and that if it had contemplated daily or almost daily performances such as the petitioner gives, it would have imposed a lighter fee, but that is a matter for the legislature, not for the court.

Two other questions were raised but submitted without argument, and, although under the pleadings and in view of our ruling on the constitutionality of the statute we are not obliged to decide these questions, we shall refer to them briefly. The first is whether the fee is payable in advance of the issuance of the license. In our opinion the Minister is not obliged to deliver the license until he receives the fee. Ordinarily these acts would be concurrent. The other question is whether the Minister may arbitrarily refuse a license unless the applicant procures from the Marshal an approval of the application. In our opinion he cannot.

The decree appealed from, dismissing the petition and discharging the writ, is affirmed.

*T. McCants Stewart* and *F. M. Hatch* for the petitioner.

*Attorney-General H. E. Cooper* and *Deputy Attorney-General E. P. Dole* for the respondent.