*C. W. Ashford* for defendant.

---

STUART TAIT *v.* A. J. CAMPBELL, TREASURER OF THE TERRITORY OF HAWAII.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED MARCH 9, 1908.          DECIDED MARCH 17, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

LICENSES—*fee—exhibiting pictures.*

>    A fee of $5 a performance is chargeable under Secs. 1402, 1403, 1405 R. L. for making an exhibition of pictures moved by mechanical contrivance.

OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff brought this action under the provisions of Act 45 S. L. 1907 to recover the sum of $5 paid to the defendant

under protest in order to obtain a license to exhibit for one day certain pictures being a series of photographs projected by mechanical methods in rapid succession upon a screen.

The defendant appealed from the judgment against him rendered by the district court, claiming (1) that making a public exhibition of these pictures is a performance within Sec. 1403 R. L.; (2) that a performance does not mean one completed exhibition of the pictures but includes any number of exhibitions which a person is entitled to view for one admission fee, it being agreed that the admission fee entitles one to witness the photographs from 2 to 12 p. m. and that the time consumed in displaying them is only about 45 minutes, the same series being continually repeated with 10 minute intermissions between the hours of 2 and 12 p. m.; (3) that the treasurer has authority under Secs. 1402, 1403, 1405 R. L. to demand the payment in advance of $5 as a license fee for each performance; (4) that a license fee of $5 for each performance is not excessive, making the statute inoperative and void.

As counsel for the defendant in argument readily conceded, adjudicated cases furnish but little assistance in the consideration of the questions here presented. As shown by the cases referred to (9 Cyc. 948), United States statutes prohibiting the copying and publishing of copyrighted dramatic or musical compositions are not violated by their productions through the agency of mechanical instruments. This is a case, however, of construction of the Hawaiian statute.

The various provisions of the statute make no distinction in respect of fees between a public show or exhibition, theatrical and circus performances and the delivery of lectures. It requires a license for any "theater, circus, public show, lecture or exhibition to which an admission fee is charged or during which a fee is collected," but no fee is required "if the entire proceeds of the performance or exhibition" go to any school, religious or charitable institution or for the promotion of art. The police may be present at and regulate any performance

licensed under the law for the preservation of order, decorum and public peace or morals and any person is punishable who sets up, promotes, exhibits or takes part in any theater, circus, public show, lecture or exhibition without having obtained a license or who shall violate any of the conditions of the license or misrepresent to the treasurer the character of the performance or exhibition or who, after obtaining the license, shall give any obscene, indecent or immoral performance or exhibition or any performance or exhibition other than that authorized in the license.

The exhibition in question is undoubtedly within the term "exhibition" as used in R. L. Sec. 1402 and while the term "performance" may strictly seem to be more applicable to theatrical and circus performances and to the delivery of a lecture than to the making of an exhibition of "moving pictures" for profit yet the latter must be regarded as a performance for which the statute requires not only a license but a fee.

Only one license fee of $5 a day should be charged, or is charged, for a daily exhibition for which but one admission fee is taken. It is only by insisting that the exhibition which occupies 45 minutes is a completed performance for which a license fee of $5 might be charged that the plaintiff claims that the law would be so harsh as to be prohibitive and therefore invalid. The premises being untrue in fact the conclusion does not follow.

The statute being enacted for the purpose of raising revenue as well as in the exercise of police power (*In Re Desky,* 12 Haw. 138,) the reasonableness of a fee of $5 for each performance is immaterial. As was said in that case:

"It may be that the legislature when it fixed the amount of the fee in question contemplated only occasional performances such as occurred here at that time and that if it had contemplated daily or almost daily performances such as the petitioner gives, it would have imposed a lighter fee, but that is a matter for the legislature, not for the court."

Appeal sustained and judgment vacated.

*E. C. Peters* for plaintiff.

*E. W. Sutton,* Deputy Attorney, (*C. R. Hemenway,* Attorney General, with him on the brief), for defendant.