[No. 3784.]

## AMES ET AL. v. THE PEOPLE.

1. LICENSE—INTERSTATE COMMERCE.

A state, through its legislature, may require a license to engage in any
trade, business or profession, but such license must be uniform,
and not discriminate in favor of one class and against another, nor
in favor of its own citizens as against those of other states. A
state cannot require a license which will constitute a regulation of
interstate commerce.

2. CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION—INTERSTATE
COMMERCE—PEDDLERS—LICENSE.

Sections 2823, 2828 and 2829, Mills' Ann. Stats. regulating the licensing
of peddlers must be construed together as a whole, to determine
what persons are subject to a license as peddlers. That part of
said statute which imposes a license tax upon all peddlers of goods,
wares and merchandise except such commodities as are manufac-
tured or raised by themselves in this state is in violation of the
United States constitution, because it discriminates in favor of
articles manufactured in this state as against the same articles
manufactured in other states. Under this statute the agent of a
manufacturing company is not subject to prosecution for selling
without license, from a wagon, ranges manufactured in another
state.

*Error to the County Court of Larimer County.*

PLAINTIFFS in error were prosecuted under an information
for selling goods without license, which, in effect, charged
that they, not having a legal license or permit to peddle goods,
did peddle, sell, vend and retail wares and merchandise, not
being produce, provisions or mining tools, nor commodities
manufactured by them within this state, the merchandise so
sold being a Home Comfort steel range. The sections of
the statute to which reference is made in the opinion will be
found in Mills' Ann. Stats. as follows:

"SEC. 2823. No auctioneer, peddler or other person or per-
sons, company or corporation, shall be permitted to sell, vend,
or retail, either at private sale or public auction, any goods,
wares, or merchandise, without first having obtained a license

for that purpose, as hereinafter provided; *Provided, however,* that this section shall not extend to any person selling produce, provisions, or mining tools."

"SEC. 2828. If any person or persons, company or corporation, shall, directly or indirectly, keep a store, or sell, vend, or retail any goods, wares or merchandise, without being first duly authorized by license or permit, as aforesaid, such person or persons, company or corporation, so offending, shall forfeit and pay any sum not exceeding one hundred dollars nor less than ten dollars."

"SEC. 2829. The preceding section shall not be construed to extend to the sale of goods, wares or merchandise by merchants who pay an annual tax upon merchandise, assessed according to the revenue laws of this state, nor to persons who sell commodities manufactured or raised by themselves in this state."

The evidence established that plaintiffs in error were engaged in the business of selling and delivering, from a wagon, Home Comfort ranges, which were manufactured at St. Louis; that they had no license or permit to engage in that business, and that in making such sales they acted in the capacity of employees of the manufacturer of these ranges. They were convicted and fined, from which judgment they bring the case to this court for review on error.

Messrs. ROBINSON & LOVE and Mr. HENRY T. SALE, for plaintiffs in error.

Mr. BYRON L. CARR, attorney general, and Mr. CALVIN E. REED, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

From the language employed in the information, it is evident that plaintiffs in error were prosecuted under the sections above quoted, and the propositions advanced by their counsel are, that if it should be held that the information

was based upon sections 2828 and 2829 alone, the conviction cannot stand, because of the discrimination there made in favor of those vending goods manufactured by themselves in this state as against those vending similar articles of their own product manufactured in other states; or, if based upon section 2823, then it must fail, because that section arbitrarily excepts from its operation peddlers dealing in certain classes of goods, thereby casting upon those peddling another class of commodities a burden not equally imposed upon all. The position assumed by the attorney general is, that under section 2823 all engaged in peddling the articles not excepted are taxed equally, and that section 2828 is complete within itself, and does not discriminate in favor of any person or any class of goods, and therefore, under either section 2823 or section 2828, a complete offense is stated, even if that portion of the information which charges that the sale without license was not of commodities manufactured by plaintiffs in error in this state or did not consist of goods excepted from the provisions of section 2823, was stricken out or disregarded.

It is well known that the object of vesting congress with the exclusive power to regulate commerce between the several states was for the purpose of insuring uniform provisions on the subject. Without this limitation on state legislation, the union and harmony between the states would be injuriously affected by each state seeking to protect its own interests through the imposition of discriminating taxes or duties on imports from other states, so that in order to prevent commerce with each other from being restricted, and retaliatory legislation on the subject resorted to, which would beget irritation that would seek gratification in legislation regardless of consequences, it was imperative that for the regulation of commerce the power and authority to levy imposts and duties should only be exercised by a single authority. *State v. North and Scott*, 27 Mo. 464; *Walling v. Michigan*, 116 U. S. 446. The wisdom of this provision of the federal constitution is made apparent from an examination of the many authorities on this subject, from which it appears that not-

withstanding this limitation, attempts have been made by many of the states in various ways, and under the guise of different objects, to legislate in favor of commerce carried on by their own citizens and in favor of their own products, as against citizens and products of other states.

The questions here presented have been before the courts many times, the rulings upon which may be summarized as follows:

1. That the several states have no authority to make regulations in relation to articles of commerce dependent upon the state from which they are brought.

2. A state, through its legislature, may require a license to engage in any trade, business or profession, but such license must be uniform, and not discriminate in favor of one class and against another, nor in favor of its own citizens as against those of other states or require a license which will constitute a regulation of interstate commerce. *Walling v. Michigan, supra; Higgins v. Three Hundred Casks of Lime,* 130 Mass. 1; *State v. Furbush,* 72 Maine, 493; *Ward v. Md.,* 12 Wall. 418; *Welton v. State of Mo.,* 91 U. S. 275; *Guy v. Baltimore,* 100 U. S. 434; *Stoutenburgh v. Henneck,* 129 U. S. 141; *Brennan v. Titusville,* 153 U. S. 289; *Robbins v. Shelby Co.,* 120 U. S. 439; 13 Enc. of Law, 520.

Sec. 2823, without the proviso, was enacted by the territorial legislature in 1861; secs. 2828–2829 were passed at the same time. In 1862 the proviso was added to sec. 2823, whereby, under this section, as thus amended, all persons except those dealing in specified classes of merchandise are required to take out a license. By sec. 2828 a penalty is provided for a failure to obtain such license, while by sec. 2829 there is a further limitation of the persons who are subject to such license, so that it requires a construction of these sections as a whole, in order to ascertain what persons are subject to a license, and they are, therefore, so inseparably connected in substance, and interdependent, that one qualifies the other, and they must be read together, for the purpose of ascertaining the intent of the legislature, and their legal effect

upon the rights of plaintiffs in error, under the established facts in this case, for, unless so read, or if either section 2823, or 2829, or both, should be rejected, persons would be subjected to a license whom the legislature did not intend should be. Sutherland, Statutory Construction, §§ 169, 179 ; *Mesheimer v. State*, 11 Ind. 485 ; *Kelly v. State*, 6 Ohio St. 269 ; *Sprague v. Thompson*, 118 U. S. 90 ; *State v. Sheriff*, 48 Minn. 236. When so read and construed, it appears that all persons engaged in the sale of merchandise, except produce, provisions and mining tools, or who pay an annual tax upon merchandise, assessed according to the revenue laws of the state, or who sell commodities manufactured or raised by themselves in this state, are subject to a license, so that those engaged in the sale of commodities manufactured by themselves beyond the limits of the state are required to pay a license, while those engaged in the sale of similar articles manufactured by themselves in this state are exempt from the payment of such license ; or, by these sections it is made lawful for one to peddle articles manufactured by himself in this state without a license, but unlawful if he manufactures them elsewhere, the result of which is, that in one case the manufacturer may sell without the payment of a license tax, and in the other, though sold in a similar way, such tax must be paid, and the liability for a license fee made dependent upon whether the goods so sold were manufactured within or without the state. The proof in this case was undisputed, that plaintiffs in error, as the employees of the manufacturer, were engaged in the sale and delivery of an article of commerce manufactured at St. Louis. Had they been similarly engaged in the sale of articles manufactured by their employer in this state, then, under these sections they could not have been required to pay any license for the privilege of so doing, thus making the payment or nonpayment of a license fee for the privilege of selling articles of commerce in this state in the manner employed by plaintiffs in error dependent upon the place where they were manufactured, or an imposition of a license to engage in trade which discriminates in favor of those manu-

facturing the articles offered for sale in this state as against those manufacturing elsewhere, a requirement which is not uniform in its operation, but in favor of one and against another, although each is engaged in the same business and vending the same character of articles in a similar way. Whether or not there are other provisions of these sections which, as contended by counsel for plaintiffs in error, render them invalid, it is not necessary to determine, as, for the reasons given, they are inoperative as against the plaintiffs in error, under the established facts in this case.

The judgment of the county court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*