UNION SEWER–PIPE CO. v. CONNELLY.

(Circuit Court, N. D. Illinois, N. D.   January 29, 1900.)

No. 24,361.

1. NOTE TO TRUST—AVOIDANCE.
     A note made for a balance due on goods bought from a corporation cannot be avoided merely because the latter is a trust organized to create and carry out restrictions in trade contrary to the common law.

2. SAME.
     A note made for a balance due on goods bought from a corporation cannot be avoided merely because the latter is a trust organized to create and carry out restrictions in trade contrary to the "Sherman Act" (Act Cong. July 2, 1890), as that only covers contracts which are themselves in restraint of trade, and does not affect those which "merely indirectly, remotely, incidentally, or collaterally regulate, to a greater or less degree, interstate commerce between the states."

3. ILLINOIS TRUST LAW—CONSTITUTIONALITY.
     Act Ill. July 1, 1893, defining trusts and conspiracies against trade, declaring contracts in violation of its provisions void, etc., provides (section 9) that it shall not apply to agricultural products or live stock while in the hands of producers. *Held*, that such section rendered the entire act void, as a violation of section 1 of the fourteenth amendment of the federal constitution, and the provision of Const. Ill. art. 4, § 22, that. in cases where a general law can be made applicable, no special law shall be passed.

Herbert W. Hamlin and Edwin Walker, for plaintiff.
O'Donnell & Coghlan and John R. McFee, for defendant.

KOHLSAAT, District Judge.  Plaintiff in this case brings suit to recover on certain promissory notes given by defendant for balance due on purchases and deliveries of sewer pipe.  Defendant pleads the general issue, and gives notices thereunder of three special defenses, all of which are based upon the theory that plaintiff was a trust or combination organized for the express purpose of creating and carrying out restrictions in trade, contrary (1) to the common law in force both in Ohio and Illinois;- (2) to the act of congress of July 2, 1890, commonly called the "Sherman Act"; and (3) to the statute of the state of Illinois taking effect on July 1, 1893.

As to the matters set out in the first notice of special defense, it is undoubtedly true that by the common law contracts which are themselves directly in restraint of trade may, in a proceeding based thereon, be declared void and unenforceable by the courts; but there is no case brought to the attention of the court in which it has been held that at common law a contract not in itself in restraint of trade is void because one of the parties thereto is a party to a contract which is in restraint of trade, and the one contract is indirectly based upon the other.  The fact that one party to a contract is engaged in illegal acts will not, at common law, avail the other party as a defense to the enforcement of a contract in itself legal.  The first notice of special defense will therefore be stricken out.

It will be seen by an inspection of the so-called "Sherman Act," and of the opinion of Mr. Justice Peckham in the Addyston Pipe & Steel Co. Case (decided by the United States supreme court, Dec.

4, 1899) 20 Sup. Ct. 96, Adv. S. U. S. 96, 44 L. Ed. ——, that the act only covers contracts which are themselves directly in restraint of trade, and does not affect those which "merely indirectly, remotely, incidentally, or collaterally regulate, to a greater or less degree, interstate commerce among the states." It therefore follows that the second matter of special defense set up must be stricken out.

Now, coming to the ground of special defense set up in the third notice, to wit, the Illinois statute which went into effect on July 1, 1893: This statute, in terms, provides that the defense herein set up may be maintained as a bar; and, if the statute is valid, then plaintiff cannot recover in this case, if it be, as averred by defendant, a corporation organized in restraint of trade, and a trust, under the definition contained in said statute. Plaintiff contends that the said statute is unconstitutional (1) because it is obnoxious to section 1 of the fourteenth amendment of the federal constitution, which reads, in part, as follows: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws;" and also (2) because it is in contravention of section 22 of article 4 of the constitution of the state of Illinois, which reads, in part, as follows: "In all other cases where a general law can be made applicable, no special law shall be enacted." The said statute of July 1, 1893, after defining a trust, and setting out the various penalties provided for violation of the act, provides, in section 9, that "the provisions of this act shall not apply to agricultural products or live stock while in the hands of the producer or raiser." Can it be claimed that, under this clause 9, every person within the jurisdiction of the state of Illinois has equal protection of the laws? Is not this class legislation? Is it in accordance with section 1 of the fourteenth amendment to the federal constitution that those who produce or raise agricultural products or live stock shall be exempted from the provisions of a statute which, by its terms, are binding on every other citizen or person within the state? I think clearly not. I am of the opinion that this statute contains both class and special legislation, and is in contravention of both the federal and state constitutions, and therefore void.

It is urged that, granting the unconstitutionality of said ninth clause, yet it may be declared void without affecting the validity of the remaining clauses of said act. If this were so, then, by declaring said clause void, the courts would make the act binding upon those classes of persons within the state which the legislature had specially exempted from its provisions. This would be judicial legislation of the most flagrant character. In my opinion, the said clause 9 taints the whole act, and renders it all void. Therefore the special defense set up in the third notice must be stricken out. It follows upon the record, as it is with the said three matters of special defense stricken out, that a verdict must be given for the plaintiff for the face of the notes in suit, and interest thereon from maturity at 5 per cent., and the jury will be so instructed.