[No. 6394.]

## Wilcox v. The People.

Constitutional Law—Interstate Commerce—Soliciting and obtaining in this state orders for vehicles manufactured in another state, and shipped here to fill such orders, is interstate commerce. The Itinerant Vendors' act, which assumes to impose a license tax upon those so engaged, is a ⁓iolation of the federal constitution.

*Error to Rio Grande County Court*—Hon. ALDEN BASSETT, Judge.

Mr. JESSE STEPHENSON, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The question presented is the validity of the Itinerant Vendors' Act, Session Laws 1905, p. 274, upon the facts under which plaintiff in error was convicted and fined for violating its provisions. The act in question, so far as involved, provides that an itinerant vendor is one "who engages in either a temporary or transient business in this state, either in one locality or in traveling about the country, or from place to place, selling manufactured goods, wares or merchandise."

The facts upon which plaintiff in error was found guilty are substantially as follows: He represented in Rio Grande county The Spaulding Manufacturing Company, of Grinnell, Iowa, a concern engaged at that point in the manufacture and sale of buggies and other vehicles. He had a number of sub-agents working under him, who traveled about the country carrying with them printed catalogues and samples of the buggies and wagons, manufactured by the Spaulding company. They exhibited the catalogues and samples and solicited orders for

vehicles. As a result of their efforts they secured written orders for a number of vehicles from different persons in the county. These orders were sent to the manufacturing company at Grinnell. The vehicles so ordered were shipped by the manufacturers to Monte Vista, in Rio Grande county, to plaintiff in error, and by him delivered to the respective purchasers.

Conceding that the act covers the transactions in which plaintiff in error was engaged, the precise proposition to consider and determine is, is it, under the facts, a regulation of commerce among the states? If it is, then it contravenes the provision of the federal constitution, which provides that congress shall have power "To regulate commerce with foreign nations and among the several states and with the Indian tribes."—Sec. 8, art. I. Under this provision the power to regulate commerce among the states is vested in congress alone, and interstate commerce cannot be taxed by a state.—*Asher v. Texas,* 128 U. S. 129; *Robbins v. Shelby Co. Taxing District,* 120 U. S. 489; *Brennan v. Titusville,* 153 U. S. 289; *Caldwell v. North Carolina,* 187 U. S. 622; *Leloup v. Port of Mobile,* 127 U. S. 640; *Norfolk & Western Ry. Co. v. Sims,* 191 U. S. 441; *Stockard v. Morgan,* 185 U. S. 27; see, also, *Smith v. Farr, ante,* 364.

The negotiation of sales of goods which are in another state for the purpose of introducing them into the state where the negotiation is made, is interstate commerce.—*Ex parte Loeb,* 72 Fed. 657; *In re Spain,* 47 Fed. 208; *Robbins v. Shelby Co. Taxing Dist., supra; Brennan v. Titusville, supra; Asher v. Texas, supra.*

This determination of what constitutes interstate commerce embraces such sales by sample or catalogue. (See the last three authorities above cited.)

The decisions of the supreme court of the United States to which we have referred are not only unquestionably correct, but are conclusive upon this court on a construction of the federal constitution, and in determining under its provisions relating to commerce among the several states what constitutes interstate commerce. For this reason it is not necessary to enter into a discussion of the subject other than to call attention to the fact that under the admitted facts plaintiff in error was engaged in interstate commerce. Through persons employed for that purpose, he solicited and secured orders for vehicles manufactured and then in the state of Iowa. The orders were filled by his principal, and the vehicles shipped to this state, and by him delivered to the purchasers. He had the right to negotiate sales of property in the manner indicated, and having this right, he had the further one to employ agents to make sales in that manner without paying a license fee for the exercise of that privilege.—*Eaton v. The People, ante,* 361. It will be borne in mind that the vehicles sold and delivered were not dangerous, but were legitimate articles of commerce; that the law under consideration does not purport to be one providing for inspection of manufactured articles brought into the state for the purpose of sale, or the levy of a tax thereon as a part of the mass of property therein. In short, its purpose is not to provide regulations relating to those matters mentioned by the supreme court of the United States in *Robbins v. Shelby Co. Taxing Dist., supra,* which a state may regulate, although in practice such regulations operate to affect commerce among the states.

The judgment of the county court is reversed and the cause remanded, with directions to enter an order discharging the plaintiff in error.

Decision *en banc.*          *Reversed and remanded.*