[No. 7896.]

## MOFFITT v. CITY OF PUEBLO.

1. MUNICIPAL CORPORATIONS—*Ordinance—Validity*—An ordinance founded not upon a specific charter provision, but upon a general grant of authority will not be sustained unless reasonable, fair, and impartial.

A statutory provision authorized municipalities to "license, regulate and tax, subject to any law of the state now in force or hereafter to be enacted, any lawful occupations, business places, amusements or places of amusement."

An ordinance enacted under this statute declared it unlawful for any person "to sell or offer to sell, as incident to or as part of their mode of carrying on business, any goods, &c., from any car, warehouse, &c., or other place not directly under his control, without being duly licensed." The license fee exacted was $200 per month or $25 per day,

for any period less than a month. *Held,* that the ordinance was unreasonable and void upon its face, because, (1) the license fee exacted was and was intended to be, prohibitive. (2) because it discriminates between citizens of the municipality and citizens of other states and communities.

2.  CONSTITUTIONAL LAW—*Personal Rights*—It is the natural and constitutional right of every person to engage in and carry on any lawful business, subject only to reasonable regulations applying to all engaged in the same business. An ordinance or statute which prohibits a citizen from exercising his right in this respect, or unduly discriminates against him because he is not a taxpayer, or because he has no storehouse, warehouse or fixed place of business is void.

*Error to Pueblo County Court.*—Hon. FRANK G. MIRICK, Judge.

Mr. WILLIS STIDGER, for plaintiff in error.

Mr. A. W. ARRINGTON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff in error was convicted in the municipal court in the City of Pueblo for a violation of Ordinance No. 847 of that city. Upon appeal to the county court of Pueblo, such conviction was sustained. The only question before us is the validity of the ordinance. This question was raised by demurrer to the complaint and by objection to the introduction of the ordinance in evidence. The grounds of such objection being that the city was without power to enact such an ordinance; that it is in violation of the state and federal constitution, and that it is not a valid exercise of the police power and is unreasonable, discriminatory and void.

Section one of the ordinance provided: "It shall be unlawful for any person or persons, co-partnership or corporation to sell or offer to sell as incident to or as a part of their mode of carrying on business, any goods, wares and merchandise or other chattels from any car, warehouse, private house or houses, or any other place or places not kept or directly under his or their control,

without being duly licensed as herein provided for; provided that this section of the ordinance shall not apply to peddlers or to licenses of others included within the provisions of Ordinance Number 781, passed June 7th, 1909, providing a license tax upon transient merchants.'' The ordinance provided for a license fee of $200.00 per month or $25.00 per day for a period of less than a month.

Ordinance No. 781, to which section one of the ordinance complained of refers, in so far as it is important to consider, is as follows:

''That any person or persons, co-partnership or corporation who shall keep a store, booth, stand, room· or other place and shall vend, offer or expose for sale or retail any goods, wares or merchandise within the City of Pueblo, without being first duly authorized by a license from the City of Pueblo, as hereinafter provided, shall be fined upon conviction in any sum not less than ten dollars, nor more than three hundred dollars, for each offense; Provided, that this ordinance shall not be construed to apply to the sale of goods, wares and merchandise by merchants who pay an annual city tax upon such goods, wares and merchandise assessed according to the revenue laws of this state, nor to the traveling agents who sell samples to regular merchants doing business in the said City of Pueblo, nor to the sale of goods for charitable and non-profitable purposes.''

The testimony going to the violation of the ordinance is that the plaintiff sells or takes orders for pianos; that he acts in this capacity as the agent of the Robert D. Sharp Music Company. That he sold one piano to one Cantrell in the City of Pueblo in October, 1911, and exchanged this for another in December of the same year. The first piano was examined in a private house. Nothing is said in this respect as to the other one. Moffitt also sold a piano to Mrs. Herman

Schluse. He told her this one was in a rooming house. Moffitt's testimony which is not in conflict with that of other witnesses is as follows:

"As sales manager, I had and have in the city of Pueblo taken orders for pianos, to be shipped and that have been shipped directly from the factories to the homes where the pianos have been sold prior to their shipment. At times some of these pianos are left in the cars for a day or so before delivery to the purchaser. They have been kept in warehouses or private houses before being delivered. Sometimes before and sometimes after the contract was signed with the purchaser."

Then what the plaintiff did in alleged violation of the ordinance was to solicit and make sales of pianos as the agent of the Sharp Company of Denver. Neither the agent nor the company kept or maintained a place of business in Pueblo.

The authority of the city in the matter of license or occupation tax is found in Sec. 6550 Rev. Stat. 1908:

"THIRD: To license, regulate and tax, subject to any law of the state now in force or hereafter to be enacted, any or all lawful occupations, business places, amusements or places of amusements."

This is a general grant of authority and it is not contended that the ordinance is authorized by any specific or definite legislative authority.

In *Phillips v. City of Denver*, 19 Colo. 179, 34 Pac. 902, 41 Am. St. 230, Mr. Justice Elliott stated the rule in such case to be: "In determining whether a municipal ordinance is valid, the following distinction is to be observed: An ordinance expressly authorized by specific and definite legislative authority will be upheld unless it conflicts with the constitution of the state or nation, while an ordinance which the municipality assumes

to pass by virtue of its incidental powers, or under a general grant of authority, will be declared invalid, unless it is a reasonable, fair, and impartial, and not arbitrary or oppressive.'' In that case the charter provision considered in so far as it may effect the case at bar, is very similar to the general statute, and it was contended there as here, that the power of the council was absolute, even to the extent of the prohibition of the particular business, but upon that point the court said:

"In our opinion, the charter provisions, above quoted, will not bear the construction contended for. The power conferred is not sufficiently specific or definite to warrant such unrestrained municipal legislation affecting private property. The grant of power to regulate lawful occupations and business places is certainly not an express grant of power to locate or prescribe the limits of carrying on lawful occupations upon private premises. The grant of power to regulate and prevent the carrying on of business dangerous or detrimental to public health, and to declare, prevent, or abate nuisances, is not to be construed as vesting the city council with authority to prohibit, at their discretion, the existence of well constructed, well regulated and well conducted livery stables; neither does the 'general welfare' clause adopted after the passage of the ordinance in question, confer full and specific power upon the city council for that purpose. The ordinance in question must, therefore, be subjected to the test of reasonableness; and the particular provision under consideration cannot stand, in any event, unless its adoption was a reasonable exercise of the incidental or general grants of power contained in the charter. Whether the city government can be vested with such authority as is contended for, need not now be considered.''

The doctrine of that case was quoted with approval in the case of *Denver v. Rogers,* 46 Colo. 479, 104 Pac.

1042, 25 L. R. A. (N. S.) 247. Construing a charter provision under which the city council assumed to act in that case and where the same contention was made as to absolute power in the council, without regard to reasonableness as it is in this case, the court said: "These provisions are not susceptible of such construction. To so determine would be equivalent to declaring the legislative or municipal fiat absolute and supreme, even though out of harmony and in clear conflict with the provisions of both national and state constitutions. Such holding would place it within the power of the municipal legislature to strike down and annihilate any business, however harmless and inoffensive in fact, which, for any reason, it might desire to put under the ban. The effect would be to say that no matter how extreme, unreasonable or invidious the law passed upon a given subject might be, still, under the powers granted, the action of the council is final and the door to judicial inquiry and examination securely closed."

It may be regarded as settled then in this jurisdiction, that ordinances of this character and under the statute, are an exercise of the police power and as determined by this court, subject to the rule of reasonableness. The testimony of witnesses for the defendant is that the license fee provided by the ordinance is absolutely prohibitive. There is no testimony to the contrary. It is very clear upon the face of the ordinance that the license fee was intended to prohibit. The very amount of the license fee, $25 per day, $200 per month or $2,400 per year is sufficient to make it manifestly appear, when considered in connection with the character of the business of the accused, as excessive, exorbitant and unreasonable.

It is the accepted rule of law that an occupation tax imposed under the police power will be presumed to be reasonable unless the contrary appears on the face of

the act or ordinance imposing it, or is established by proper evidence.

That the ordinance in question is unreasonable and prohibitive, appears upon its face and is established by proper and uncontradicted evidence. The ordinance likewise discriminates between those engaged in the same line of business, and between residents of the city of Pueblo, and non-residents.

It is not required that the license tax shall be upon every business or avocation, and is valid if uniform as to all persons engaged in the particular business or avocation, and if the persons engaged therein are classified according to natural and well recognized lines of distinction, yet the constitutional requirement of uniformity is violated by a tax which does not fall alike on all persons engaged in the particular business or avocation taxed.    25 Enc. 606; *Ames v. People,* 25 Colo. 508, 55 Pac. 725.

The ordinance provides that no person shall sell or offer to sell as incident to or as a part of their mode of carrying on business, any goods, wares and merchandise or other chattels from any car, warehouse, private house or any other place not kept or directly under his control without a license.   Thus if A keeps or controls a warehouse he may sell without a license tax; if B occupies only space in a warehouse he must pay the license tax.   If A owns or controls a private house he may freely sell, while B rents or is permitted to use a room in such house wherein he makes a sale he must pay $200 per month or $25 per day.   This is so manifestly in violation of the inherent and constitutional rights of the citizen as to require no argument.

By what right may a city council say whether or not a person may only transact his business in a building owned or controlled by himself.   By what right may it say that the owner or controller of a building may

sell his wares therefrom without burden, and at the same time impose an unconscionable and prohibitive tax upon the person who may not be able to either own or control an entire building, if he sell the very same kind of an article, or is engaged in the same kind of business. This is the plain language of the ordinance and for this reason also, the ordinance is indefensible and cannot be sustained.

If it be the purpose of the ordinance to tax non-residents of the state and so discriminate in favor of residents, then it is in violation of the provisions of the federal constitution that ''citizens of each state shall be entitled to all privileges and immunities of citizens of the several states.'' 25 Cyc. 610. While it is not clear from the record, yet it appears that Moffitt was a resident of Colorado, possibly of Pueblo, and if so the discrimination is more repugnant.

But the fee fixed in the ordinance is of itself so unreasonable and unjust as to make the ordinance invalid.

The business of selling pianos is a legitimate one, and not in itself tending to injuriously affect the public welfare. The ordinance does not purport to be other than an occupation tax and it is well settled that whenever it is manifest that the amount of such tax imposed in the exercise of police power is substantially in excess of the reasonable expense of issuing a license and of regulating the occupation to which it pertains or is virtually prohibitory, the ordinance imposing the tax is void. 25 Cyc. 610.

It is the natural and constitutional right of every citizen to engage in any lawful business he may choose, subject only to such reasonable regulation as may apply alike to all persons engaged in the same kind of business, and an ordinance or statute that unduly discriminates or prohibits a citizen from the exercise of such right because he may not be a tax payer or own or con-

trol a building for the purpose, is void. The equal right to honestly earn a livelihood is first and paramount, and cannot be denied by statute. As supporting our conclusions see *Smith v. Farr,* 46 Colo. 379, 104 Pac. 401; *Leonard v. Reed,* 46 Colo. 311, 104 Pac. 410, 133 Am. St. 77; *Wilcox v. People,* 46 Colo. 382, 104 Pac. 408.

For these reasons we must hold the ordinance to be unfair, unreasonable, discriminatory and prohibitive, and therefore in violation of the constitution and void.

The judgment is reversed.

*En banc.*