[No. 8498.]

## CITY OF COLORADO SPRINGS V. SIMAN.

MUNICIPAL CORPORATIONS—*Ordinances—Unreasonable.* An ordinance imposing a license tax of fifty dollars per day upon the business of an auctioneer, *held* prohibitive and void. (316.)

*Error to El Paso County Court.* Hon. W. P. KINNEY, Judge.

Mr. J. L. BENNETT, City Attorney, and Mr. BARTOW H. HALL, for plaintiff in error.

Mr. P. M. KISTLER, for defendant in error.

SCOTT, J., delivered the opinion of the court.

The defendant in error was arrested under a city ordinance of the City of Colorado Springs, which provides as follows:

"Section 1.    Every person engaged in the business of auctioning new goods or new merchandise in the City of Colorado Springs shall pay to the City Clerk a tax in the sum of $50.00 per day for each day such person conducts such business.    Such tax shall be paid in advance and no tax shall be paid for a less period of time than one day."

"Section 3.    Any person who conducts, or any person,

firm or corporation which permits any person to conduct the sale of any such goods or merchandise at auction without complying with the term of this ordinance shall be fined in a sum not less than one hundred dollars ($100.00) nor more than three hundred dollars ($300.00) for each offense. Each day such sales are conducted or permitted shall constitute a separate offense."

Upon the hearing the court found:

"Believing the ordinance to be unreasonable, unjust and prohibitive, and therefore in violation of the Constitution as tending to deprive a man of his liberty and property without due process of law, we must hold it void."

The case was dismissed and the defendant discharged. This proceeding is to review the finding and judgment of the court.

It appears that the defendant was and had been for several years, engaged in the business of carrying on auction sales in the City of Colorado Springs, during the summer months, and had theretofore paid a license or occupation tax of $100 each year.

Upon the face of the ordinance and under the undisputed testimony the ordinance was intended to be and is in fact prohibitive. Upon the authority of *Moffitt v. City of Pueblo,* 55 Colo. 112, 133 Pac. 754, and cases therein cited, the judgment of the County Court is affirmed.

*Judgment affirmed.*

*En Banc.*