### Ex Parte GORDON.

No. 8566—Opinion Filed Nov. 21, 1916.

Rehearing Denied May 22, 1917.

(164 Pac. 1146.)

(Syllabus by the Court.)

1. **Municipal Corporations — Ordinance— Partial Invalidity—Effect.**

Unless the invalid part of a city ordinance is so clearly severable from the valid portions thereof that it would be presumed that the lawmaking body would have passed the valid portion without the invalid, the entire ordinance must be held to be void.

2. **Same—License Tax.**

That part of the city ordinance of Oklahoma City providing for levying a license tax upon merchant auctioneers, designated as section 842, which attempts to exempt from the general operation of the ordinance any merchant or other person who has resided in and conducted a business in Oklahoma City, etc., being admittedly invalid, the balance of the act must also be held invalid, for otherwise a class of merchants or persons would be subjected to the payment of a license tax or be punished for nonpayment whom the lawmaking body of the city did not intend to be.

Original habeas corpus by Louis Gordon against W. B. Nichols, Chief of Police of Oklahoma City., Writ allowed and petitioner ordered discharged.

Morse & Standeven, for petitioner.

B. D. Shear, A. T. Boys, and Frank Watson, for respondent.

KANE, C. J. This is an original application for a writ of habeas corpus, wherein Louis Gordon is petitioner and W. B. Nichols, chief of police of Oklahoma City, is respondent. The petitioner, who is a nonresident of this city and state, was arrested upon the charge of having violated certain ordinances of the city pertaining to the licensing of merchant auctioneers, and thereupon commenced this proceeding upon the theory that his arrest and subsequent restraint by the chief of police was without authority of law, for the reason that the ordinance purporting to provide for the licensing of merchant auctioneers is void: (1) Because it is discriminatory, allowing certain rights and privileges to residents of Oklahoma City which were not allowed to nonresidents; (2) that the amount of the license tax, to wit, $25 per day, is unreasonable and confiscatory.

As the first ground for assault upon the ordinance seems to us to be well taken, it will not be necessary to examine the second. Section 581, Rev. Laws 1910, provides:

"The city council shall have authority to levy and collect a license tax on auctioneers: * * * Provided, however, that all scientific and literary lectures and entertainments shall be exempt from taxation, and also all concerts and musical or other entertainments given exclusively by citizens of the city."

Pursuant to this section of the statute and the terms of its charter, the city passed ordinances which provide, in effect, that no person, firm, or corporation shall carry on any auction room, or store for the sale of goods,

wares, or merchandise, without having procured a license as a merchant auctioneer; that the license tax for a merchant auctioneer shall be $25 per day for each and every working day said auction room shall be open for the sale or disposal for sale of goods at auction or public outcry; that any person or corporaton, either as auctioneer, owner, manager, clerk, or employe, who shall neglect any of the duties prescribed herein, or violate any of the provisions of this ordinance, shall, upon conviction, for each and every offense be punished by a fine of not less than $20 nor more than $100, or by imprisonment in the city jail not more than 30 days, or by both such fine and imprisonment. Another provision, section 842 of said ordinance, provides as follows:

"Any merchant or other person who has resided in and conducted a business in Oklahoma City for a period of six months next preceding the application therefor, and who has paid his regular assessment of taxes upon his stock or business for the year last past may obtain from the mayor of Oklahoma City a special permit to close out or sell at public auction his at that time stock of goods without paying a license as merchant auctioneer. Provided, that the provisions of this ordinance shall not apply to or restrict sales on commission of secondhand or used farm machinery or implements, household goods, furniture and kitchen utensils when sold by the owner thereof or a duly licensed auctioneer."

The merchandise which the petitioner sought to dispose of as a merchant auctioneer consisted of a stock of jewelry purchased at a sale held pursuant to the bankruptcy laws of the United States, upon which the original owner had paid his regular assessment of taxes for the year last past. It is conceded that if the stock had been purchased in precisely the same circumstances by a resident merchant or any person who had resided in and conducted a business in Oklahoma City for the period of six months, such person could have disposed of it as a merchant auctioneer without violating the ordinance. Counsel for respondent in their brief also make the following admission:

"We admit that section 842 is void, not because of being discriminatory, but because it: First, attempts to delegate a nondelegable authority to the mayor, which point seems to have been overlooked by the petitioner. It is fundamental law that legislative or judicial function of determining whether a thing is or is not subject to a tax cannot be delegated to an unrestricted individual official discretion. · Second, attempts to provide an exemption for a certain kind of merchant, which exemption is unauthorized by section 581 of the Revised Laws of 1910, which says: 'Provided, however, that all scientific and literary lectures and entertainments, shall be exempt from taxation, and also all concerts and musical or other entertainments given exclusively by citizens of the city.' The well-established law of statutory construction lays down the rule that an exception or proviso is exclusive. Therefore this exemption as provided is exclusive of all other exemptions, and in attempting to provide therefor the board of commissioners have clearly exceeded their authority."

It seems to us that this admission virtually disposes of the case in favor of the petitioner. There is no merit in the contention that the admittedly invalid section is so separable and independent of the valid provisions of the ordinance that it can be eliminated without defeating the object of the ordinance, and therefore the valid part may stand notwithstanding the invalidity of section 842, supra. The rule is laid down by Judge Dillon in his work on Municipal Corporations, sec. 647 (5th Ed.) as follows:

"If part of a by-law is void, other essential and connected part of the same by-law is also void; but it must be essential and connected to have this effect. * * *"

It is obvious that if section 842 of the ordinance is eliminated as invalid, the act as it stands will apply to a resident merchant or any other person who has resided in and conducted a business in Oklahoma City for a period of six months, and that those classes would in that way be reached and fined, when the legislative authority of the city evidently intended that they should be regarded as not offending against the law, even if they disposed of merchandise as merchant auctioneers in the same circumstances disclosed by the record before us. Therefore the entire ordinance must be declared invalid, in order to avoid contravening the intent of the legislative department of the city by subjecting to the penal provisions thereof a class of persons which they clearly intended to exempt from the payment of the license tax.

The applicable rule is so well established that the citation of authorities in its support is superfluous, but we think a few cases disclosing the reason for the rule and its proper application to a given state of facts may be cited with profit. A valuable authority for this purpose is the leading case of Spraigue v. Thompson, 118 U. S. 96, 6 Sup. Ct. 988, 30 L. Ed. 115. Spraigue was one of the owners of the steamer Saxon against whom Thompson had instituted proceedings in the state courts of Georgia to recover pilotage charges. Thompson was a licensed pilot whose services were refused by the steamer. The laws of Georgia provided that

all vessels engaged in coastwise trade should pay certain pilot charges and port duties, except such vessels as should ply between Georgia ports or between the Georgia ports and those of Florida or South Carolina. The Supreme Court of Georgia (69 Ga. 409, 47 Am. Rep. 760) held that the exemption of these vessels was void as contravening the act of Congress (section 4237, R. S. [U. S. Comp. St. 1916, sec. 7983] which provided that there should be no discrimination in the matter of pilot charges, but that the remainder of the act would not be invalidated by reason of this exception. On writ of error to the Supreme Court of the United States the case was reversed, and the whole act was declared invalid. In that case, as in the case at bar, counsel contended that the valid parts of the law were not necessarily dependent upon the void provision thereof, and therefore the valid part should be permitted to stand. Mr. Justice Matthews, who delivered the opinion for the court, in answering this contention, says:

"But the insuperable difficulty with the application of that principle of construction to the present instance is that by rejecting the exceptions intended by the Legislature of Georgia the statute is made to enact what confessedly the Legislature never meant. It confers upon the statute a positive operation beyond the legislative intent, and beyond what any one can say it would have enacted in view of the illegality of the exceptions."

A similar contention was answered by Mr. Justice Harlan in Union Sewer-Pipe Co. v. Connelly (C. C.) 99 Fed. 354; Connolly v. Union Sewer Pipe Co., 185 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679, as follows:

"If the latter section be eliminated, as unconstitutional, then the act, if it stands will apply to agriculturists and live stock dealers. Those classes would, in that way, be reached and fined, when evidently the Legislature intended that they should not be regarded as offending against the law, even if they did combine their capital, skill, or acts in respect of their products or stock in hand. Looking, then, at all the sections together, we must hold that the Legislature would not have entered upon or continued the policy indicated by the statute unless agriculturists and live stock dealers were excluded from its operation, and thereby protected from prosecution."

An authority more nearly analogous in its facts is Ames v. People, 25 Colo. 508, 55 Pac. 725. The statute there provides in effect that no auctioneer or other person shall sell without a license, but exempts from its operation merchants who pay an annual tax upon merchandise assessed according to the revenue laws of the state. The Supreme Court held the proviso invalid, whereupon the question arose as to the validity of the balance of the act. The court, in passing upon this question, says:

"Section 2823, without the proviso, was enacted by the territorial Legislature in 1861. Sections 2828 and 2829 were passed at the same time. In 1862 the proviso was added to section 2823, whereby under this section as thus amended, all persons except those dealing in specified classes of merchandise are required to take out a license. By section 2828 a penalty is provided for a failure to obtain such license, while by section 2829 there is a further limitation of the persons who are subject to such license. So that it requires a construction of these sections as a whole in order to ascertain what persons are subject to a license, and they are therefore so inseparably connected in substance, and interdependent, that one qualifies the other, and they must be read together for the purpose of ascertaining the intent of the Legislature, and their legal effect upon the rights of plaintiffs in error, under the established facts in this case; for, unless so read, or if either section 2823 or 2829, or both, should be rejected, persons would be subjected to a license whom the Legislature did not intend should be."

Comanche Light & Power Co. v. Nix, 53 Okla. 220, 156 Pac. 293, is also in point to the same effect.

Looking, then, to all the sections of the ordinance together, we must hold that the elimination of section 842 confers upon the act a positive operation beyond the legislative intent, and beyond what any one can say would have been enacted in view of the illegality of the part thereof which seeks to exempt resident merchants from its operation.

The writ of habeas corpus is therefore allowed, and the petitioner ordered discharged.

All the Justices concur.