THE CITY OF OTTUMWA v. H. A. ZEKIND, Appellant.

**Transient Merchants:** LICENSE. An ordinance requiring transient merchants within the city to pay a license is not a discrimination in favor of resident merchants. "Transient" refers to the nature of the business and not the residence of the merchant. *City v. Dyer*, 64 Iowa, 38, *distinguished.*

**SAME:** CONSTITUTIONAL LAW. Such an ordinance is not class legislation and is uniform in its operations.

**REASONABLENESS.** An ordinance requiring of transient merchants a license fee of two hundred and fifty dollars per month or twenty-five dollars a day, if the license be issued for a short period, is void for unreasonableness, and McClain's Code 462. which allows cities "to regulate and license" sales by such merchants, does not authorize such a license fee. *Decorah v. Dunstan*, 38 Iowa, 96, *criticised and distinguished.*

*Appeal from Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

FRIDAY, OCTOBER 11, 1895.

Defendant was convicted, under a city ordinance, of selling goods, as a transient merchant, without having paid the license fee required, and he appeals.—*Reversed.*

*Steck & Smith* for appellant.

*W. W. Epps* city solicitor, for appellee.

Deemer, J.—The ordinance under which defendant was convicted reads as follows:

"Section 1.   Transient merchants selling, or in any manner offering for sale any goods, wares or merchandise, within the city of Ottumwa, Iowa, at auction or private sale, shall pay $250 per month as a license therefor, or $25 per day, if such license is issued for short period.

"Sec. 2.   Any transient merchant selling either at public auction or private sale, whether holding auctioneer's license or not, shall be deemed a transient merchant.

"Sec. 3.   Any person required by this ordinance to procure a license and failing to do so shall be fined in any sum not less than $5, nor more than $50 and costs. Any person continuing business under an expired license shall pay a like fine and costs, and all persons so convicted and fined shall be imprisoned until the fine and costs are paid or until discharged by due course of law."

This ordinance was enacted in virtue of the power conferred upon cities of the first class by section 621, McClain's Code, (section 462, Code 1873), which is as follows:

"They shall have power to regulate and license sales by auctioneers and transient merchants within their corporate limits, provided, that the exercise of the power shall not interfere with sales made by sheriffs, constables, coroners, marshals, executors, guardians, assignees of insolvent debtors or bankrupts, or other persons, required by law to sell real or personal property."

The case was tried in the lower court upon an agreed statement of facts, the substance of which was that on December 15, 1894, one B. E. Myers shipped to the city of Ottumwa, from Marshalltown, a stock of ready-made clothing, and placed the same in a store building on one of the main business streets, where he offered it for sale. Defendant was an

employe of Myers, and, as such, made sales from said stock at retail, in the usual course of trade. Defendant was also manager of the business. It was the intention that the business should be carried on only for such length of time as was required to sell the stock, which was valued at six thousand dollars. Myers and Zekind are residents of Marshalltown, and neither-has paid the license required by the ordinance before quoted. It is also agreed that no resident merchant of the city of Ottumwa is required, by any ordinance of the city, to pay a license. The power of the legislature to delegate to a municipality the right to regulate and license auctioneers and transient merchants is not denied. But it is insisted that the ordinance is invalid for the following reasons: (1) Because it discriminates in favor of resident merchants of the city of Ottumwa, and against nonresident merchants. (2) Because it discriminates in favor of one class of merchants, and against another class, engaged in the same business. (3) Because it imposes a license which is unreasonable, unjust, and oppressive. (4) Because it is indefinite and uncertain as to the persons intended to be included in the words "transient merchants."

I. With reference to the first objection insisted upon, it is sufficient to say that the ordinance does not, in terms, discriminate in favor of resident merchants of the city of Ottumwa. It requires a license fee from all transient merchants, no matter where they reside, and imposes a penalty upon the resident, should he become a transient merchant. We do not understand that the term "transient merchant" has reference to the residence of the individual. It more properly relates to the character of the business carried on by him. In the case of *Town of Pacific Junction v. Dyer*, 64 Iowa, 38 (19 N. W. Rep. 862), relied upon by appellant, the

ordinance held to be invalid defined a transient merchant to be "every nonresident person, who shall sell, exchange or dispose of any goods, wares or merchandise of his own or of other nonresident owners." This ordinance was declared to be unconstitutional because it discriminated in favor of resident merchants of Pacific Junction, and against other resident merchants of Iowa. In the case at bar so much discrimination appears on the face of the ordinance, and the fact that no resident merchants are required by the city to pay a license is not controlling.

II.   It is said, however, that, if the words "transient merchant" should be held to include resident merchants of the city of Ottumwa who might temporarily engage in business, the ordinance is unconstitutional, because it is not uniform in its operation, and because it grants to certain citizens, or classes of citizens, privileges or immunities which do not belong equally to all. This objection is not tenable. The ordinance makes no exceptions in favor of or against any one carrying on the business. All transient merchants must pay the fee before engaging in the business. Under numerous decisions of this and other courts, it is uniform in its operation, and is not class legislation. See *Land Co. v. Soper*, 39 Iowa, 112; *McAunich v. Railroad Co.*, 20 Iowa, 338; *City of Mt. Pleasant v. Clutch*, 6 Iowa, 546.

III.   It is contended that a license fee of two hundred and fifty dollars per month, or twenty-five dollars per day for a short period of time, exacted from transient merchants is prohibitory, unreasonable, and unjust, and is a manifest exercise of the taxing power, rather than a police measure. The statute confers upon the municipality the power to "regulate and license auctioneers and transient merchants," and we are required to determine what may be exacted by the corporation as a fee for permission to

carry on business as a transient merchant. A license must be distinguished from a tax. The power to tax is one of the highest attributes of sovereignty, and, if delegated by the legislature to the municipality, such delegation must be in express terms, or by necessary implication, and cannot be implied from such general authority of power as "to license and regulate." *City of Burlington v. Putnam Ins. Co.*, 31 Iowa, 103; *State v. Herod*, 29 Iowa, 123; *City of Burlington v. Bumgardner*, 42 Iowa, 673; *State v. Smith*, 31 Iowa, 493; Cooley, Tax'n (1st Ed.) p. 387; *Clark v. Davenport*, 14 Iowa, 494; *City of Davenport v. Mississippi & M. R. Co.*, 12 Iowa, 539; Dill. Mun. Corp. (4th Ed.) sections 357-358; 13 Am. & Eng. Enc. Law, p. 532. The municipality, under the authority given it to license, had the right to impose such a charge as would cover, not only the necessary expenses of issuing it, but also the additional labor of officers, and other expenses imposed by the business, but nothing beyond this. As said in *City of Burlington v. Putnam Ins. Co.*, *supra*, "Licenses are a part of the police regulations of a city, and should be charged for as such, and only to such extent as may reasonably compensate the city for issuing and enforcing the licenses, and for the care exercised by the city under its police authority over the particular person licensed." See, also, *State v. Herod*, 29 Iowa, 123; Beach, Pub. Corp., section 1255. The amount of the license fee or charge is to be considered, in determining whether the exaction is not really one of revenue or prohibition, instead of one of regulation under the police power. The charge made will be presumed to be reasonable, and within the authority conferred upon the municipality, unless the contrary appears upon the face of the ordinance, or is, by evidence, shown. *City of Burlington v. Putnam Ins. Co.*, *supra; Van Baalen v. People*, 40 Mich. 258; *Atkins v. Phillips* (Fla.) 8 South. Rep. 429; *Van Hook v. Selma*, 70 Ala. 361; Beach Pub. Corp., section 1255. The fee

charged by the ordinance of the city of Ottumwa was two hundred and fifty dollars per month, or twenty-five dollars per day for a shorter period of time. It seems to us, in view of the nature of the business licensed; the fact that it was in no manner injurious to the public health or morals; that it was confined to a particular place, and was not of such a nature as to become a nuisance; that it did not require the police supervision, and was in no manner calculated to disturb the peace and quietness of the city,—that it is perfectly apparent that the fee exacted in this case was not required as a police regulation, but for the purpose of revenue to the city. It may also have been fixed at this sum to protect, in a measure, the home merchant against the passing one, who otherwise might not be called upon to pay anything to the support of the instrumentalities of government. But such protection, however desirable and just, cannot be afforded under an ordinance passed in virtue of authority given by the state to regulate and license. In passing, we may observe that a comparison of the language used in sections 462 and 463 of the Code clearly demonstrates that the legislature did not intend, by section 462, to confer upon municipalities the right to tax transient merchants, by the use of the words "regulate and license." Our conclusions are supported by the following cases: *Brooks v. Mangan,* 49 N. W. Rep. (Mich.) 633; *City of Mankato v. Fowler,* 20 N. W. Rep. (Minn.) 361; *Sipe v. Murphy,* 31 N. E. Rep. (Ohio Sup.) 884; *City of Jacksonville v. Newman,* 59 Miss. 385.

The case of *Town of Decorah v. Dunstan,* 38 Iowa, 96, is relied upon as an authority in support of the validity of the ordinance. In that case the ordinance provided that the fee for the license "shall be not to exceed $20.00 for the first day of such license, and $20.00 for each subsequent day included in such license." The exact amount to be charged was apparently left to the discretion of the mayor, and the court says (Cole, J.,

writing the opinion), "Nor do we regard it as being in restraint to trade, or unreasonable or oppressive;" citing *State v. Herod*, 29 Iowa, 123. There are several reasons why we do not regard this as conclusive of the question. The defendants in that case were auction-eers, and not transient merchants. The fee charged an auctioneer may well be larger than that imposed upon a transient merchant, on account of the character of the business, and the greater necessity for supervision over the auctioneer. Again there was no showing that the fee demanded of defendants in that case was an unrea-sonable one. Under the ordinance the mayor could have fixed it at any sum under the rates named. Defendants had no license, and were prosecuted for not having obtained one before commencing their business. There was no showing of an unreasonable exaction. Moreover, the question presented in this case, even if determined in that, was not well considered. The whole matter is disposed of in less than two lines, and the authority cited in support of the rule is really against it. See the case before cited in 29 Iowa. And, lastly, the case, on all other points, has been practi-cally overruled in *Town of Pacific Junction v. Dyer*, *supra; City of Marshalltown v. Blum*, 58 Iowa, 184 (12 N. W. Rep. 266; *State Center v. Barenstein*, 66 Iowa, 249 (23 N. W. Rep. 652).

Some other questions are presented by counsel, but, in the view we have taken of the case, they are immaterial, and will not be noticed. Our conclusion is that the ordinance exacts an unreasonable fee, and the judgment is *reversed*.