Iowa City, Iowa, v. L. W. Newell, Appellant.

115    55
d128 742

License: Auction Sale by Agent of Mortgagee. One in the management of the sale of goods at auction is liable to a tax under a municipal ordinance which requires transient merchants to pay $50 for a license authorizing goods to be sold at auction, and evidence that such person was selling under a mortgage as the agent of another was immaterial.

AUCTION SALE OF MORTGAGED PROPERTY BY TRANSIENT MERCHANT.  Under a municipal ordinance requiring transient merchants to take out a license for the sale of goods at auction, but permitting auctioneers to sell mortgaged property without payment of the tax thus imposed, a transient merchant or his agent selling mortgaged property is not exempt.

Evidence: OPINIONS: *Reasonableness of taxing ordinance.* Where witnesses were allowed to give their opinion as to the reasonableness of a municipal taxing ordinance without objection, defendant could not complain thereof on appeal from a conviction for violation thereof.

PRESUMPTIONS AS TO REASONABLENESS.  In the absence of competent evidence as to the reasonableness of a charge for a license to sell goods at auction, the presumption is that the charge is reasonable.

*Is question for court.*  The reasonableness of an ordinance requiring transient merchants to take out a license for selling goods at auction is for the court, and not for the jury.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, OCTOBER 23, 1901.

THE defendant was convicted under a city ordinance of selling goods as a transient merchant without having paid the license required thereby.  He appeals.—*Affirmed.*

*John W. Slater* and *John W. Hunt* for appellant.

`        *W. H. Bailey* for appellee.

SHERWIN, J.—The abstract does not show that the ordinance under which the defendant was convicted was put in evidence, but the instructions given by the trial court set out what purport to be certain sections of it, and the case is argued as if the ordinance was before us, so we shall treat the quotations therefrom by the court as correct. The ordinance requires that transient merchants "who shall seek to dispose of goods, wares or merchandise in said city at auction, shall, before being permitted to make such sale, pay to the mayor the sum of fifty dollars,

on the payment of which the mayor shall issue a license authorizing said goods to be sold at auction by a duly licensed auctioneer for a period of one week from date of said license." The ordinance also defines who are to be treated as transient merchants, in the following language: "All owners, transient dealers, managers or controllers whether residents or non-residents of the city    *    *    *    shall be deemed transient merchants and required to pay a license as provided herein." The defendant filed a written plea of not guilty, and pleaded: "Second. That he was not in fact at the time charged in the information selling goods as a transient merchant in Iowa City, but under a mortgage sale as agent for the mortgagee of said goods. Third. That the ordinance under which this proceeding is instituted is unconstitutional and void for the reason that it is, in effect, an attempt to tax, and is in no sense a license. Fourth. That the ordinance is oppressive, unjust, and unreasonable, and unconstitutional, for the reason that the license thus provided for is extortionate and amounts to a tax, and it is apparent that the fine imposed by said ordinance is not required as a police regulation, and is also prohibitive in its character."

The goods in question were shipped to Iowa City in boxes from some other point, and were there received by the defendant, and by him sold at auction. He offered to show that they were mortgaged, and that he was selling under the mortgage as the agent of the mortgagee, but this evidence was excluded. At the time of this offer there was nothing in the record tending, even, to show that his principal had the right to sell goods in Iowa City without paying the license tax required by the ordinance in question. All of the evidence in the record on the subject strongly indicated that he was a non-resident, and that he was not engaged in business in Iowa City. The offered evidence was at the time, and as the record then stood, immaterial, and there was no intimation to the court that it would be made material as

the case advanced; nor is it claimed now that such would have been the case. The record conclusively shows that the defendant at the time he made sales of the goods was in the management and control of them, and he was, under the ordinance, liable for the tax, if his principal would have been, whether he was selling under a mortgage as the agent of another or not. Consequently we think the court did not err in excluding the evidence. *City of Ottumwa v. Zekind,* 95 Iowa, 622.

But it is said that section 3 of this same ordinance permitted the sale of mortgaged property without the payment of this tax. This position is not sound, because said section applies only to auctioneers, and in no manner shields the transient merchant.

Witnesses on both sides were permitted to give their opinions as to the reasonableness or unreasonableness of the ordinance. As no objections appear to the testimony, the defendant cannot now complain. There was, in our judgment, however, no competent evidence before the court on this question; and, in the absence of evidence as to its unreasonableness, the law presumes the charge to be reasonable. *City of Ottumwa v. Zekind, supra.*

The court left it for the jury to say whether the ordinance was reasonable or not, and this we think was erroneous. Such facts as are necessary to the determination of the question should be put in evidence, but after that is done the reasonableness of an ordinance is a question of law for the court to pass upon. *Meyers v. Railroad Co.,* 57 Iowa, 558; *City of Burlington v. Unterkircher,* 99 Iowa, 401. This case seems to have been presented by the state and by the defense on a different theory, however; and, under the circumstances shown, we think the error was not prejudicial to the defendant, for the instruction, under the evidence, was as favorable to him as was possible. If the ordinance could be construed as requiring

a license to do business only, we might be inclined to hold that upon its face it is unreasonable; but it is contended by the defendant that it imposes a tax, instead of a mere license, and we cannot say that such tax is unjust, in the absence of evidence on the question.

The judgment of the district court is AFFIRMED.