Town of Scranton, Appellant, v. Lewis Hensen and
J. G. Black, Appellees.

**Criminal law:** APPEAL BY STATE: SCOPE OF REVIEW. A prosecution
1  for the violation of an ordinance prohibiting a transient mercantile business without a license is at least of *quasi* criminal character, and on appeal from a judgment of acquittal the court will do nothing more than announce proper rules for future guidance.

**Municipal corporations:** TRANSIENT MERCHANTS: EVIDENCE. On
2  a prosecution under an ordinance requiring a license of transient merchants it was error, under the showing in this case, to exclude evidence that a person other than defendant in fact owned and had an interest in the goods, and that defendants were simply handling them as agents to close them out at an early date.

**Same:** CRIMINAL LAW: EVIDENCE: ADMISSIONS. An offer to com-
3  promise the offense is admissible in a criminal prosecution: So

that evidence that one charged with selling goods as a transient merchant without a license offered to give the mayor a certain sum to settle the controversy, not however as license money, was competent, either as an admission of guilt or an attempt to compromise.

Same: TRANSIENT·MERCHANTS: EVIDENCE.  The term transient merchant has reference rather to the character of the business conducted than to the residence of the merchant; and in determining whether a merchant shall be deemed transient the kind of business and place where conducted, and the duration or intended duration are to be considered.  Evidence held to require submission of this issue.

Same.  On a prosecution for the violation of an ordinance requiring a license of transient merchants, evidence that the stock of goods had been kept and offered for sale in an itinerant manner is competent.

*Appeal from Greene District Court.*—HON. F. M. POWERS, Judge.

WEDNESDAY, MAY 3, 1911.

DEFENDANTS were accused of the violation of an ordinance of the plaintiff town, in that without a license they carried on a transient mercantile business in the said town.  The trial court directed a verdict for defendants, and plaintiff appeals.  *Reversed.*

*B. O. Clark* and *J. A. Henderson,* for appellant.

*J. Y. Luke* and *Wilson & Albert,* for appellees.

DEEMER, J.—Section 700 of the Code provides that "towns shall have power to define by ordinance who shall be considered transient merchants and to regulate license and tax their sales. . . ."  Pursuant to this statute the plaintiff town enacted an ordinance from which we extract the following:

Section 1.  Be it ordained by the council of the in-

corporated town of Scranton, in Greene County, Iowa, that no person, firm or company or corporation shall be engaged in any manner, directly or indirectly, carry on any trade, business, profession, or scheme, hereinafter mentioned, described or defined within the corporate limits of said town until such person, company or corporation shall have first procured a license therefor.

Sec. 2.   In all cases applications for license shall be made to the mayor, who shall inform the applicant of the amount required to be paid for the same, and upon production of the receipt of the town treasurer showing that the required amount of such license has been paid to him for that purpose, shall issue to the applicant the required license in accordance with the ordinances of the town, but in no case to be inconsistent to the laws of the state.   .   .   .

Sec. 7.   Peddlers and hawkers, proprietors or operators of dollar stores or gift enterprises not prohibited by the laws of the state, all transient merchants and persons transiently remaining in said town and selling or offering for sale, in any manner, any goods, wares, or merchandise, or chattels of any kind, at retail in temporary places of business, or traveling about the town, shall pay a license of not less than ($1.50) one dollar and fifty cents nor more than ($15.00) fifteen dollars, in the discretion of the mayor, for each day so engaged.   .   .   .

Sec. 11.   Any person violating any of the provisions of this ordinance shall on conviction thereof be subject to a fine of not less than ($3.00) three dollars nor more than ($75.00) seventy-five dollars, and costs of prosecution, in the discretion of the court or mayor, and shall be imprisoned until such fines and costs are paid, not exceeding thirty days.

On January 31, 1910, an information was filed before the mayor of the town, accusing defendants of a violation of this ordinance, in that they "did on or about the 29th day of January, 1910, rent and occupy the frame building located on lot nine in block ten of the original town of Scranton, Iowa, and place therein a stock of clothing and other merchandise for sale and to be sold by the said defendants at retail temporarily and to be closed out and

sold out within the next sixty days, the said stock and goods being a transient stock and goods, and the defendants being engaged in said business temporarily and as transient merchants without buying and procuring a license from the authorities of the said town of Scranton, Iowa, for the purpose of conducting and carrying on said business and the sale of said goods, and the defendants have refused to purchase and buy a license as by ordinance of said town provided, though demanded to do so for the carrying on of said business and the sale of said goods." Upon trial before the mayor defendants were convicted, and they each appealed. The case coming on for hearing in the regular way before the district court, that court, after hearing all of the testimony for plaintiff, directed a verdict for the defendants upon the following grounds: "(7) That the evidence of the plaintiff entirely fails to show that the defendants are transient merchants under the laws of the state of Iowa. (8) The evidence entirely fails to show in any manner that said stock of goods is to be sold out or removed from the town within such a period as would make them transient merchants." Plaintiff appeals.

I. As the case is criminal or *quasi* criminal in character, we can do no more than announce proper rules of law for the future; for the acquittal of the defendants is final, and they can not again be tried. *Columbus City v. Cutcomp*, 61 Iowa, 672; *City v. Unterkircher*, 99 Iowa, 401. See, also, Code, section 5463.

1. CRIMINAL LAW: appeal by state: scope of review.

In addition to the claim that the trial court was in error in directing the verdict, certain rulings on evidence are complained of. The testimony tended to show that defendant Henson, in connection with his father, had formerly run a small shoe store in the town of Scranton, but not in the building in which the goods in question were

2. MUNICIPAL CORPORATIONS: transient merchants: evidence.

handled.   The stock of clothing in question was at Glad-
brook, Iowa, the latter part of the year 1909, and in Jan-
uary of the year 1910 was placed in what is known as
the Dowling building in plaintiff town. ' The building was
owned by T. Lewis and A. E. Edwards jointly.   This
building was ·rented ostensibly by the defendant Henson
about January 23, 1910, for no definite period; the agree-
ment being that he should have it for thirty or sixty
days or perhaps one year. · Defendant Black came with
the goods from the town of Gladbrook and remained in
Scranton for a period of from ten days to two weeks.   He
was a stranger in the town of Scranton, but was engaged
in the business which was there being conducted in the
defendant Henson's name.   Henson had an advertisement
printed in one of the newspapers published in plaintiff
town, in which he asserted that he was conducting a public
liquidation sale; that he had bought $10,000 worth of
clothing, shoes, and furnishings which he expected to turn
into money within the next sixty days; that the sale
would commence January 29, 1910, and would last sixty
days.   The character of the goods was stated and the prices
at which such goods would be sold, and the list disclosed
such bargains as would appeal to bargain hunters.   Plain-
tiff sought to show that one Keedick, or the Union Cloth-
ing Company, in fact owned or had some interest in the
goods, and that defendants were simply handling the same
for Keedick or the company in order to close them out at
an early day.   Objection to testimony tending to show this
ownership or control of the goods was sustained, and in
this we think the trial court was in error.

Plaintiff also offered to show that after this case was
commenced defendant Henson went to the mayor of the
town and said he wanted to give him (the
mayor) the sum of $50 to settle the contro-
versy. Defendant Henson also said that he did
not want it to apply as a license, but that he just wanted

3. SAME:
criminal law:
evidence:
admissions.

to give the mayor $50.   This testimony was, upon de-
fendants' motion, stricken out on the ground that as it
was an attempt to compromise, the testimony was not ad-
missible.   In this the trial court was also in error.   The
statement made by the defendant was either an admission
of guilt or an attempt to compromise an offense, and, in
either event, it was admissible.   Admissions in the form
of a compromise are not admissible in a law action; but
this rule does not apply to criminal cases.   See *McMath v.
State,* 55 Ga. 303; *Barr v. People,* 113 Ill. 471; *State v.
Soper,* 16 Me. 293 (33 Am. Dec. 665); *Cecil v. Territory,*
16 Okl. 197 (82 Pac. 654); *Collins v. State,* 115 Wis.
596 (92 N. W. 266); *Rumph v. State,* 91 Ga. 20 (16 S.
E. 104); *Jones v. State,* 64 Ind. 473.

II.   We are also of opinion that the trial court was
in error in directing a verdict for the defendants.   The
ordinance from which we have quoted does define "tran-
sient merchants," although it must be ad-
mitted that this definition is not perhaps as
lucid as it might have been.   It says "all
transient merchants and persons transiently remaining in
said town and selling or offering for sale in any manner
any goods, wares, or merchandise at retail in temporary
places of business."   Defendant Black was undoubtedly a
transient.   Henson was not, because he was a permanent
resident of the town of Scranton.   Each was undoubtedly
a merchant or acting for a merchant.   There was enough
testimony to take the case to the jury upon the question
as to whether or not this business was permanent or was
intended to be of that character, or whether it was tran-
sitory.   Ordinarily, it is the character of the business
which is the determinative feature, rather than the resi-
dence of the merchant, and in solving this problem three
things must be considered:   First, the kind of business;
second, the place where it is conducted; and, third, the
duration or intended duration thereof.   If the business

4. SAME:
transient
merchants:
evidence.

was, or was intended to be, intermittent in character, and not permanent, then the seller was an itinerant vendor, and not a permanent tradesman. As said in *City of Ottumwa v. Zekind,* 95 Iowa, 622, we do not understand that the term "transient merchant" has reference to the residence of the individual. It more properly relates to the business carried on by him.

Without quoting from the testimony at length, for to do so would serve no useful purpose, we are constrained to hold that the trial court was in error in directing a verdict; for whether the defendants, or either of them, were principals or merely agents in the transaction, is entirely immaterial, for in either event they would be liable if engaged in business as transient merchants without first procuring the license required by the ordinance.

III. Carrying this rule to its logical conclusion, it is apparent that the trial court was in error in denying plaintiff the right to show that the stock of goods in question had been kept and offered for sale at other towns in an itinerant manner; that the said stock was in fact owned by Keedick or the Union Clothing Company; and that it was being handled by the defendants as agents in such a way as to make them liable as clerks or agents for the true owners of the goods. See *Iowa City v. Newell,* 115 Iowa, 55.

5. SAME.

The following authorities sustain the views herein announced: *Carrollton v. Bazzette,* 159 Ill. 284 (42 N. E. 837, 31 L. R. A. 522); *State v. Feingold,* 77 Conn. 326 (59 Atl. 211); *Commonwealth v. Crowell,* 156 Mass. 215 (30 N. E. 1015); *Snyder v. Closson,* 84 Iowa, 184; *Ottumwa v. Zekind,* 95 Iowa, 622.

Having now announced the proper rules of law for the government of such proceedings, our duty is done, with the result that while the defendants can not be punished for their unlawful act, the judgment of the trial court should be, and it is, *reversed.*