## BACCUS *v.* STATE OF LOUISIANA.

### ERROR TO THE THIRD JUDICIAL DISTRICT COURT, PARISH OF CLAIBORNE, STATE OF LOUISIANA.

No. 170.   Argued January 19, 1914.—Decided February 24, 1914.

This court will not disregard the construction placed upon a state statute by the highest court of the State especially if it involves giving the statute one meaning for the purpose of determining whether the acts in question are within its terms and another meaning for the purpose of escaping the Federal question.

A State may classify and regulate itinerant vendors and peddlers, *Emert* v. *Missouri*, 156 U. S. 296, and may also regulate the sale of drugs and medicines.

The statute of Louisiana of 1894, prohibiting sale of drugs, etc., by itinerant vendors or peddlers, is not unconstitutional under the Fourteenth Amendment either as denying due process of law by preventing a citizen from pursuing a lawful vocation or as denying equal protection of the law.

THIS writ of error was directed to a district court of the State of Louisiana, as that court had jurisdiction, in last resort, over the conviction sought to be reviewed. The information upon which the conviction was based charged that the accused had, in violation of § 12 of Act 49 of the Laws of Louisiana for 1894, illegally, as an itinerant vendor or peddler, "sold drugs, ointments, nostrums and applications intended for the treatment of diseases and deformity." A motion was made to quash on the following

grounds: First, because the statute upon which the charge was based provided for no offense; second, because if it did, the acts charged were not, generally speaking, within the statute, and especially were not embraced by its provisions because the sale of drugs or proprietary preparations put up in sealed packages with directions for use, did not constitute the practice of medicine; third, because if the statute embraced, as asserted, the acts charged, it was in conflict with the state constitution, since it permitted all persons to sell drugs, ointments, etc., except itinerant vendors; fourth, because if the statute operated as contended for, it was repugnant to the Fourteenth Amendment to the Constitution of the United States "*a*, because it prevents a citizen from pursuing a lawful vocation; *b*, it denies to other citizens rights enjoyed by all others in the State, and . . . is class legislation in its effect, as it gives to the local dealer a monopoly in the sale of such drugs, etc., and deprives the itinerant vendor or dealer of the privilege to sell such articles . . ." The motion to quash having been overruled, the case was submitted to the court without a jury, upon an agreed statement of facts to the following effect: 1st, "that the defendant was an itinerant vendor of drugs, nostrums," etc., and as such had sold the articles "intended for the treatment of diseases as alleged in the information." 2nd, "that the drugs so sold by the defendant as an itinerant vendor were compounded and prepared by the Rawleigh Medical Co. of the State of Illinois, and that said remedies, drugs, nostrums, ointments and applications were put up in sealed packages or bottles ready for use with printed directions on the packages or bottles and that defendant was an itinerant vendor of same in original packages and bottles and prepared by the proprietors." 3rd, "that all persons except itinerant vendors have the right to sell said remedies, that is, patent and proprietary drugs, nostrums, ointments and applications, intended for the cure

of diseases." By requests to charge which were overruled, and to which exceptions were reserved, the defenses based both upon the state and the United States Constitution, embodied in the motion to quash were reiterated and on conviction and sentence after an unsuccessful effort by certiorari to procure as an act of grace, a review of the case by the Supreme Court of the State, this writ of error was sued out.

*Mr. Thomas D. O'Brien,* with whom *Mr. John A. Barnes* was on the brief, for plaintiff in error:

The act cannot be sustained if interpreted to prohibit the mere selling of drugs by an itinerant while permitting such selling by all others.

The enforcement of the statute would unwarrantably deprive plaintiff in error of liberty.

The business and occupation attempted to be prohibited is lawful.

The statute denies to plaintiff in error equal protection of the laws.

The statute is equally obnoxious under the construction placed upon it by the Supreme Court of Louisiana.

In support of these contentions see *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Butchers Union Co.* v. *Crescent City Co.,* 111 U. S. 746; *Barbier* v. *Connolly,* 113 U. S. 27; *C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 226; *Kentucky* v. *Payne Medicine Co.,* 138 Kentucky, 164; *Cotting* v. *Kansas City Stock Yards,* 183 U. S. 79; *Civil Rights Cases,* 109 U. S. 23; *Chicago* v. *Netcher,* 183 Illinois, 104; *Carrollton* v. *Bazzette,* 159 Illinois, 284; *Ex parte Virginia,* 100 U. S. 347; Food and Drug Regulations, Louisiana Board of Health, July 1, 1913; *Gundling* v. *Chicago,* 177 U. S. 183; *Hovey* v. *Elliott,* 167 U. S. 409; *Holden* v. *Hardy,* 169 U. S. 366; *In re Jacobs,* 98 N. Y. 98; *Lochner* v. *New York,* 198 U. S. 45; *Lawton* v. *Steele,* 152 U. S. 133; *Mugler* v. *Kansas,* 123 U. S. 623; *Noel* v. *People,* 187 U. S. 587; *Natl. Cotton Oil*

*Co.* v. *Texas,* 197 U. S. 129; *People* v. *Wilson,* 249 Illinois, 195; *Price* v. *People,* 193 Illinois, 114; *Scott* v. *McNeal,* 154 U. S. 34; *State* v. *Donaldson,* 41 Minnesota, 74; *Schollenberger* v. *Pennsylvania,* 171 U. S. 1; Second Revised Laws of Louisiana, p. 1232; *State* v. *Loomis,* 115 Missouri, 313; *State* v. *Ashbrook,* 154 Missouri, 375; *Spiegler* v. *Chicago,* 216 U. S. 114; *State* v. *Scougal,* 3 So. Dak. 55; *State* v. *Bayer,* 34 Utah, 257; *State* v. *Judge,* 105 Louisiana, 371; *Wynne* v. *Judge,* 106 Louisiana, 400; *Pettigrew* v. *Hall,* 109 Louisiana, 290; *People* v. *Gilson,* 17 N. E. Rep. 343 (N. Y.); 34 Stat. 768, Food and Drugs Act; *Williams* v. *State,* 99 Arkansas, 149; Westervelt's Pure Food and Drug Laws; *Yick Wo* v. *Hopkins,* 118 U. S. 356.

*Mr. R. G. Pleasant,* Attorney General of the State of Louisiana, and *Mr. G. A. Gondran* for defendant in error, submitted.

MR. CHIEF JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

We accept the construction affixed by the court below to the statute and upon which alone it could in reason have held that the acts charged were embraced by its provisions. We hence disregard an intimation made in the argument of the defendant in error, that the statute is susceptible of a different interpretation and therefore that the claim of Federal right which was made below and which was necessarily passed upon need not be here considered. It is inconceivable that the statute should mean one thing for the purpose of determining whether the acts charged were within its terms and should then be held to mean another, for the purpose of escaping the Federal question. Thus considering the case in its true aspect, the single issue to be decided is, Did the State have power, without violating the equal protection or due process of

law clause of the Fourteenth Amendment, to forbid the sale by itinerant vendors of "any drug, nostrum, ointment or application of any kind intended for the treatment of disease or injury," although allowing the sale of such articles by other persons? That it did have such authority is so clearly the result of a previous ruling of this court (*Emert* v. *Missouri*, 156 U. S. 296), or at all events is so persuasively made manifest by the authorities cited and the reasoning which sustained the ruling of the court in the case just stated, as to leave no room for controversy on the subject (pp. 306–307). Moreover, the power which the state Government possessed to classify and regulate itinerant vendors or peddlers exerted in the statute under consideration is cumulatively sustained and made if possible more obviously lawful by the fact that the regulation in question deals with the selling by itinerant vendors or peddlers of drugs or medicinal compounds, objects plainly within the power of government to regulate.

*Affirmed.*