## MOORE et al. v. OKLAHOMA CITY et al. (JOE MASON, Intervener).

No. 23963. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 7, 1933.

Arthur Fitzpatrick and Everett Arney, for plaintiffs in error.

RILEY, J. Plaintiffs below sought to enjoin the enforcement of ordinances of Oklahoma City regulating and licensing merchant auctioneers. Temporary injunction was denied. Plaintiffs appealed.

The assignments of error are:

(1) The judgment was contrary to and against the evidence.

(2) It was contrary to the law.

(3) It was contrary to the evidence introduced on said hearing.

Defendants in error, under rule 26 of this court, move to dismiss upon the ground that plaintiffs in error have failed to set out an abstract of the evidence which they claim shows the trial court's decision is contrary to it. Jackson v. Reynolds, 152 Okla. 213, 3 P. (2d) 1041; Peters v. Wallace, 127 Okla. 182, 260 P. 42.

In the reply brief (p. 4) plaintiffs in error admit that no abstract of evidence has been made as required by the rule, and consent that this court may disregard all testimony contained in the record. This is an abandonment of assignments of error 1 and 3.

It is contended that ordinance No. 4236, Oklahoma City, is unconstitutional and void in that it provides that no license shall be issued to a person until he shall have been in business in the city of Oklahoma City for a period of one year.

This provision has been upheld by the courts of other states as a valid police regulation. We sustain it. Billig v. State (Md.) 145 Atl. 492; Mogul v. Gaither (Md.) 121 Atl. 32; Saigh v. Common Council, etc., (Mich.) 231 N. W. 107; In re West (Cal.) 243 P. 55; Holsman v. Thomas (Ohio) 147 N. E. 750, 39 A. L. R. 760.

Other objections are made as to ordinances requiring inventories of property to be sold, but until licenses are issued and attempts made to comply with such requirements, these objections are anticipatory. This court will not decide hypothetical issues. However, in the cited cases more drastic regulatory ordinances have been sustained.

Objection is made that the ordinance in question was not published as required by law, and is therefore invalid. Apparently the ordinance is a part of a revision ordered by the city council and published in book form in a quantity of over 50 copies as contemplated by section 4521, C. O. S. 1921, and the city charter, sec. 6, art. 5, "except as otherwise provided by the Constitution and laws of this state, all ordinances shall be published," etc. The objection is without merit.

It is contended that the decision in Ex parte Gordon. 63 Okla. 305, 164 P. 1146, is decisive of the invalidity of this ordinance. Not so. There the ordinance was admitted-

ly discriminatory because it provided for exemption of the resident merchants from the license tax upon certain conditions, one of which was an exercise of a prerogative or discretion on the part of the chief executive officer of the city, the mayor.

By ordinance, now considered, the resident merchant auctioneers are taxed and transient merchant auctioneers upon becoming residents, within what has been adjudged a reasonable time, are not prohibited from engaging in a business, lawful in itself.

Judgment affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in 20 L. R. A. 724; 31 A. L. R. 299; 39 A. L. R. 773; 46 A. L. R. 157; 52 A. L. R. 491; 17 R. C. L. 548, 549.