FRANK FREEMAN v. R. G. TITTSWORTH, Chief of Police.

171 So. 307.

Division B.

Opinion Filed December 11, 1937.

S. *Sherman Weiss*, for. Appellant;

*Ralph A. Marsicano* and *Worth Bivens* for Appellee.

TERRELL, J.—The appellant, as plaintiff below, filed his bill of complaint in the Circuit Court in which he prayed that defendant, as chief of police of the City of Tampa, be restrained from requiring him to pay the license fee required by paragraph (b) of Ordinance 437-A, to engage in the business of auctioneer. An answer and a motion to dismiss the bill were filed and the latter was granted. This appeal is from that decree.

Ordinance 437-A is as follows:

"(a) Auctioneers—Engaged in conducting auction sales of goods, wares, and merchandise at a permanently established place of business commonly known as an auction house, shall pay an annual license tax of Two Hundred, Fifty ($250.00) Dollars. The payment of such license shall permit said auctioneers to sell at public auction, goods, wares, and merchandise at any place within the City of Tampa for the period of one year, or until the termination of the license period as hereinafter specified.

"(b) Auctioneers—Having no permanently established place of business and paying no license as provided in paragraph (a) above, commonly known as itinerant auctioneers, shall pay a license tax for the privilege of conducting auction sales of goods, wares, and merchandise of Fifty ($50.00) Dollars per day for each day or fraction thereof

that such sales shall be conducted within the City of Tampa."

It is contended that the City of Tampa was without authority to enact the foregoing ordinance, but that if it in fact had such power it has been exercised in an unreasonable, arbitrary, and capricious manner, that Ordinance 437-A amounts to the taking of complaint's property without due process of law and denies him the equal protection of the law.

In response to the contention that the City of Tampa was without authority to enact Ordinance 437-A it is sufficient to say that the general powers granted to the city by Section 3, Chapter 7714, Acts of 1917, Section 56, Chapter 14423, Acts of 1929, and other provisions of the City Charter not essential to enumerate or quote, amply warranted such an ordinance.

The other questions raised resolve themselves first into one of classification, the basis therefor being whether there is any sound reason for imposing a different license fee on the itenerant auctioneer from that imposed on the one who plies his trade at a fixed location or at an auction house. If he is of the latter class he is required by paragraph (a) of the ordinance to pay a license fee of $250.00 per year and may conduct auction at other places in the city. If he is of the first class he is required by paragraph (b) to pay a license fee of $50.00 per day for each day he conducts a sale.

The Courts have upheld such classifications on the theory that the itinerant auctioneer or vendor comes and goes with the day, requires more policing, assumes no responsibility for the welfare of the community, and is consequently a greater care to the municipality than the one who has a fixed place of abode and pays an annual license fee. Baccus

v. State of Louisiana, 232 U. S. 334, 34 Sup. Ct. 439, 58 L. Ed. 627; Emert v. State of Missouri, 156 U. S. 296, 15 Sup. Ct. 367, 39 L. Ed. 403; Borough of Warren v. Geer, 117 Pa. St. 207, 11 Atl. 415; Quartlebaum v. State, 79 Ala. 1.

This Court has repeatedly approved the doctrine that while it has the power to declare license laws invalid because of unreasonable and arbitrary exactions, yet such power will not be exercised unless the amount of the license tax is so great or the classification so palpably arbitrary as to be beyond the necessities for the legislation. State, *ex rel.* Bonsteel, v. Allen, 83 Fla. 214, 91 So. 104; Di Lustro v. Penton, 106 Fla. 198, 142 So. 898; Greenleaf & Crosby Co. v. Coleman, 117 Fla. 723, 158 So. 421; Jackson v. O'Connell, 114 Fla. 705, 154 So. 697.

The foregoing cases amply sustain the validity of the ordinance assailed. We find nothing in the amount of the license tax complained of or the manner of its imposition that offends against the rule approved in these cases. We do not deem it essential to discuss the other questions raised or to cite further authority.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.