| 48 | 523 |
| 119 | 643 |

## No. 11,919.

CHICKASAW COOPERAGE COMPANY VS. POLICE JURY OF THE PARISH OF JEFFERSON ET AL.

The staves, heads and iron hoops for the barrel were manufactured in another State and shipped to plaintiff company in this city.

Here the component parts of the barrel are put together, and to it is given proper shape and finish.

The hoops are flared or splayed so as to fit the bilge of the barrel.

Under the authority of Cooperage Company vs. City *et al.,* 47 An. 1314, the points being similar, the court holds that the barrels were not manufactured in this State, and, in consequence, plaintiff's cooperage company is not exempt from taxation under the law exempting the capital, machinery and other property employed in the manufacture of furniture and other articles of wood.

APPEAL from the Twenty-first Judicial District Court for the Parish of Jefferson. *Rost, J.*

*Rice & Montgomery* and *A . E. Billings* for Plaintiff, Appellee.

*James David Coleman, Prentice E. Edrington,* District Attorney, *R. J. Perkins,.Jr.*, for Defendants, Appellants.

Argued and submitted February 15, 1896.
Opinion handed down February 24, 1896.

The opinion of the court was delivered by

BREAUX, J. The plaintiff claims exemption from taxation under the article of the Constitution which exempts from the payment of taxes the capital and other property employed in the manufacture of articles of wood.

The defendant answered, pleading a general denial.

From a judgment declaring the property, machinery and buildings of plaintiff exempt, the defendant appeals.

The facts are admitted that plaintiff's principal business is in Memphis, Tenn., and it has a branch domiciled in this State, where plaintiff claims the barrels it sells are manufactured.

The evidence discloses that these barrels are of wood with steel hoops. They are what are called " tight barrels for holding oil, whiskey, molasses and other articles of commerce in a liquid state. The staves are manufactured at the central factory and cost delivered about twenty-six dollars per thousand. They are shipped, piled in cords or layers in the cars fitted to set up in barrels.

It takes eighteen staves to each barrel and eight iron hoops. After setting up the staves the package is steamed, the ends of the barrel are made tight by drawing the staves together, the bunghole is bored and the barrel is champered and howeled and the hoops driven home; the truss hoops are knocked off; it is then placed in a lathe, it revolves and a plane dresses the staves; the finishing hoop is put on with the hooper and the barrel is complete.

The hoops are received in straight strips of required length, each is passed through rollers and bent on the edge or margin and is thus lengthened on one side so that it may be driven down and made to take the shape of the protuberant part of the barrel. Before the rolling mill process of flattening and lengthening one of the margins

of the hoop had been adopted, this work was accomplished by hand work; hammering with the hammer. From the record it appears that the cost of the barrel to the plaintiff is about one dollar and twenty-four cents, sixteen cents of which represents the cost and labor of preparing the hoop.

Counsel for the plaintiff estimate the cost of the labor to each barrel at twelve per cent. The bungs are not manufactured at the factory. Adding the entire cost of the material and of the labor, it is evident that considerable of the one dollar and twenty-four cents, cost of the barrel, is to the credit of capital, or in other words, machinery, buildings and grounds occupied by the plaintiff.

The defendant in order to rebut plaintiff's testimony introduced evidence of the operations of another coopering company; that the tax collecting authorities have treated as exempt from taxation.

This company saws the staves and heads, joints, dresses and binds them and puts them up in bundles to dry. They make the material complete to set up as a barrel. The president of the company (the Union Stave Company) testifies that it does not require skilled labor to put up a barrel. The difference consists in the fact that the latter makes the barrel, known as slack barrel in the market, for rice, sugar and other similar articles of commerce. They are made on the same principle, save the work is not as finished, the barrels are not air-tight, and are worth about thirty-four cents each. He further testifies as follows, in regard to one of plaintiff's barrels (brought in the District Court as a sample during the trial) before it is made complete at their shops:

" Q. Please look at this barrel or these staves marked package ' A;' tell me what is necessary to be done to make a complete barrel?

" A. I only consider that setting up a barrel.

" Q. What is necessary to be done to this barrel package A, in order to complete a barrel like barrel marked package ' B ?' What further manufacturing is necessary ?

" A. I don't know; I can not tell.

" Q. You know there is a good deal of labor yet to be put upon it?

" A. Some trimming.

" Q. Only trimming ?

"A. What else ? Yes, sir; trimming.

" Q. Setting up the barrel and finishing it out of the staves that is already manufactured ?

" A. That is all I call it."

Two witnesses testified, viz.: the manager of the plaintiff company, for plaintiff, and the president of the Union Stave Company for the defendant.

The question is one chiefly of fact, and it devolved upon the plaintiff to show that the property was exempt from taxation.

In order to encourage activity and development in this State in the manufacture of needful articles and thereby adding to the value of the commonwealth, the law exempting designated capital was adopted. Construing and interpreting the law, it has heretofore been held, as shown by the *syllabus*, which reads: " Articles not manufactured in this State and carried in stock by the manufacturer with his articles manufactured here, although incidental to his business, are subject to taxation " Taylor Bros. Iron Works vs. City, 44 An. 555. A statute exempting manufactured articles does not exempt manufactured articles whether manufactured here or not. The material point in view of the article of the Constitution in question is that the article shall be manufactured here.

Plaintiff does not claim to be exempt because of the work performed on the material before it was received, but claims that the work it did perform here was a substantial part of the whole. The contention is not fully supported by the evidence.

Beyond question the material used had been prepared before it was shipped to the factory, and setting up the barrel and completing it in the manner described in our summary of the facts is not the manufacture of an article of wood. It was not putting into a new form, but it was the completing of the article by setting it in the manner intended when it was worked up in Tennessee into shape for use.

We quote from United States vs. Semmes, 41 Fed. Rep. 324, 326: " Fortunately we have a very clear definition of the word 'manufacture' given to us by the Supreme Court in a recent case. I refer to the case of Hartranft vs. Wiegmann, 121 U. S. 609, in which the court states that the mere fact of the application of labor to an article either by hand or by mechanism does not make the article necessarily a manufactured article within the meaning of that term as used in the tariff laws, unless the application of such labor is carried to such an extent that the article suffers a species of transformation and is changed into a new and different article having a distinctive name, character or use."

In a comparatively recent case this court held that one engaged in cutting and making coats and pants out of jean cloth which had been already manufactured by another is not a manufacturer.

It follows that one who sets up the component parts prepared for completing the barrel is not a manufacturer. When shipped to plaintiff it was a barrel not set up, and the subsequent work on it was not the manufacture of a barrel. Cohn & Feibelman vs. Tax Collector, 41 An. 894.

But without reference to these cases our conclusion is rendered unavoidable by the reasoning of a recent decision. Brooklyn Cooperage Company vs. City et al., 47 An. 1314, 1316.

In that case as here the material consisted of staves, hoops and headings. The staves were dressed and jointed, ready for use. The hoops came prepared; they were of wood. The heating powers were substantially the same, also the manner of completing the barrel at the machinery works. We reiterate: "We find no warrant to increase these exemptions based on the processes performed by plaintiffs upon the staves, hoops and headings already adapted to be shaped into the barrel by ordinary hard labor, for which plaintiffs substitute machinery."

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed and avoided, and plaintiff's demand rejected at its cost.