(117 So. 454)

No. 28821.

DOWNS, Sheriff and Ex Officio Tax Collector,
v. DREW.

May 7, 1928. Rehearing Denied June 4, 1928.

Harry P. Sneed and Guion & Upton, all of New Orleans, Cross & Moyse, of Baton Rouge, and John May, of New Orleans, for appellant.

Isaac Wahlder, W. C. Roberts, and White, Holloman & White, all of Alexandria, for appellee.

ROGERS, J. The sheriff and ex officio tax collector of the parish of Rapides brought this suit for the recovery of a peddler's license, with interest and penalties, as provided by Act 299 of 1926. The defendant denied he was engaged in the business of peddling, and averred that he was merely a distributor of the products of his employer, a manufacturer located in the city of Baton Rouge. He also attacked the constitutionality of the legislative act. The case was tried on an agreed statement of facts and resulted in a judgment for plaintiff, from which defendant appealed.

In this court, defendant has filed an exception of no cause and no right of action. He calls attention to the following language in the second paragraph of subsection (b) of section 18 as re-enacted by Act 299 of 1926, viz.:

" * * * And provided that any person, who goes from house to house, or place to place, or store to store, exposing and selling the merchandise which he carries with him and delivering the same at the time or immediately after the sale or without returning to the base of business operation between the taking of the order and the delivery of the goods, *otherwise than for advertising purposes*, shall be deemed a peddler." (Writer's Italics.)

And he argues, in support of his exception, that plaintiff's petition is fatally defective because it does not show, affirmatively, that the things alleged to have been done by him, constituting him a peddler, were done "otherwise than for advertising purposes."

Defendant's objection to plaintiff's petition is not well-founded for either of two reasons, viz.: (1) The facts pleaded clearly negative the statutory exception; and (2) the allegations of the petition as enlarged by the admitted facts disclose a cause of action.

█ On the merits, the record shows that the defendant is in the employ of one H. N. Saurage, a manufacturer of the city of Baton Rouge, and, as such, operates a truck owned by his employer in the parish of Rapides; that he is paid a regular salary and an additional amount as a bonus when the volume of business exceeds a certain figure; that he sells or delivers only the goods manufactured by Saurage; that he exposes no goods, but calls only upon stores to which he sells some goods on standing orders, takes orders for other similar goods, and in some cases supplies the stores with goods of the same character from the truck for cash, or on charge accounts; that the goods sold as last described are sold without the truck returning to the plant, and constitute one-half of the total amount of the business. On this state of facts, defendant contends that under the express provisions of the statute, since he "vends his own produce exclusively," he is not required to pay a license tax.

Section 2 of Act 299 of 1926, which is an amendment and re-enactment of section 18 of Act 205 of 1924, provides:

"That each and every peddler or hawker, other than venders of ice, shall pay an annual license, which license is hereby fixed, classified and graded as follows, to wit."

Subsection (a) establishes the classifications and grades of the license exacted of those liable therefor.

Subsection (b) in its first paragraph provides that persons residing in the parish where the license is issued and selling their goods exclusively in the parish shall pay only one-half the amount named in subsection (a). In the second paragraph of subsection (b) appears the following, viz.:

"And provided that peddlers of fresh meat, poultry, eggs and vegetables shall pay only one-fifth of the graded license herein stipulated, and persons, when vending their own produce exclusively, shall pay no license; provided that any person vending his own produce who also vends produce purchased by him or any material ingredients in which was purchased by him shall be deemed a peddler."

It is plain from the foregoing language that the legislative intention is to lower the license of those engaged in peddling fresh meat, poultry, eggs, and vegetables which they have purchased, and to exempt from the payment of a license farmers who vend only the produce of their farms. These provisions of the statute are inapplicable to the business (selling and delivering manufactured articles of coffee) carried on by the defendant. That business is embraced in the portion of the paragraph that follows, which we have hereinabove quoted in our discussion of the exception of no cause of action. Under this provision of the law a peddler is defined to be any person who goes from house to house, or place to place, or store to store, selling merchandise he carries with him and delivering it at the time or immediately after the sale or without returning to the base of business operation, between the taking of the order and the delivery of the goods, otherwise than for advertising purposes.

█ Moreover, under section 25 of Act No.

205 of 1924, as re-enacted by section 3 of Act 299 of 1926, all manufacturers selling their manufactured articles in any manner other than from their plants or warehouses to dealers for resale are amenable to the license tax as fixed in the statute. This provision would be meaningless under defendant's interpretation that the term "produce," as used in section 18 of the legislative act, comprehends manufactured articles, since the exemption from the payment of a license tax granted to those persons "vending their own produce exclusively" would be extended by inclusion to all manufacturers, irrespective of the manner in which they sell the products of their factories. But the settled canon of construction is that a statute ought to be so construed that, if it is possible, no provision, sentence, or word shall be superfluous or meaningless. Applying this rule to the statute presently before us, the interpretation sought to be placed upon it by defendant cannot prevail.

Our conclusion is that, on the facts disclosed by the record, the defendant is a peddler as defined by section 18, as re-enacted by Act 299 of 1926, and, as such, is amenable to the license tax imposed by the law.

The defendant contends that the legislative act is violative of the federal and state Constitutions, in that it is discriminatory and attempts to establish an unreasonable classification between manufacturers who sell their products from their factories or warehouses to dealers for resale and manufacturers who sell their products in any other manner. The contention is not sound. The distinction between an itinerant vender and a vender with a fixed place of business is well recognized under the law. The general rule is stated in 37 C. J. at page 201, as follows, viz.:

"In accordance wtih the principles heretofore stated, a license or occupation tax is valid, under the various constitutional provisons relating to equality and uniformity, if it applies equally and without discrimination to all persons engaged in the same particular business or avocation, or exercising the same privileges, or if the occupations or privileges and the persons engaged therein are classified for taxation according to reasonable and well-recognized lines of distinction, and it does not matter how few the persons are who may be included in a class so long as all who are or may come into like situation or circumstances are embraced in the class. Within this latter rule persons engaged in the same business or avocation may be subclassified for the purpose of exempting or imposing different rates of occupation taxes, as: Wholesalers and retailer, peddlers or itinerant dealers and merchants having a permanent place of business, or money lenders excepting banks or similar institutions. * * *"

The rule in this state is set forth in State v. Schofield, 136 La. 702, 67 So. 557, where the local statute relating to itinerant venders of stocks and bonds was under consideration, in the following words, viz.:

"Another objection is that said statute unlawfully discriminates between itinerant sellers and sellers with fixed places of business, and is therefore class legislation, obnoxious to the provisions of the Federal Constitution.

"The itinerant vender has always been distinguished in legislation from the vender with fixed place of business, and put in a separate class. He has always been singled out for special supervision and regulation. 15 A. & E. E. 295, 300; 8 Cyc. 875, 1115; 21 Cyc. 365; Baccus v. Louisiana, 232 U. S. 334, 34 S. Ct. 439, 58 L. Ed. 627. The Federal Constitution does not forbid the setting apart in a separate class of all persons similarly situated. State v. Schlemmer, 42 La. Ann. 1167, 8 So. 307, 10 L. R. A. 135; Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923."

For the reasons assigned, the exception of no cause and no right of action herein filed is overruled, and the judgment appealed from is affirmed, at the cost of appellant.