HIGGINS, Justice.
 

 The State of Louisiana, through the Supervisor of Public Accounts, instituted proceedings against the defendant, claiming a peddler’s license under the General License Law of the State, and particularly under the provisions of Act No. 15 of the Third Extra Session of the Legislature of 1934, as amended by Act No. 5 of the First Extra Session of 1935.
 

 The defendant denied that there was any tax due and that he was a peddler, and averred that he was a manufacturer within the meaning of paragraph (e), section 16 of Act No. 15 of the Third Extra Session of 1934, and therefore exempt from the payment of a license tax.
 

 There was judgment dismissing the plaintiff’s suit, and it has appealed.
 

 The defendant testified that he is a resident of Alexandria, Rapides parish, this State; that about four months prior to May 29, 1935, he purchased an interest in the partnership of W. P. Schnoutze & Son, of Terrill, Tex.; that he owned a Chevrolet truck, which he loaded with brooms in packages of six, twelve, and twenty-four, at the factory in Terrill, Tex., and then sold the brooms in the original unbroken packages, to various stores in the several parishes of Louisiana for resale; that he was not employed on a salary or commission basis by the partnership, but had a drawing account for his expenses and at the end of the year shared in the profits as remuneration for his services and interest in the firm; and that he had not paid any license tax.
 

 Assuming that the testimony of the defendant was sufficient to establish the facts testified to, but, without deciding that issue, a view most favorable to the defendant, we shall pass to a consideration of the legal problem of whether or not he was entitled to the exemption he pleaded.
 

 Paragraph (e) of section 16 of Act No. 15 of the Third Extra Session of 1934, reads as follows:
 

 “Any person who goes from house to house, or place to place,
 
 or store to store, other than manufacturers who sell their product tc. dealers for resale,
 
 exposing and
 
 selling the merchandise which he carries with him and delivering the same at the
 
 
 *877
 

 time of or immediately after the sale
 
 or without returning to the base of business operation between the taking of the order and the delivery of the goods,
 
 shall he deemed a peddler.”
 
 (Italics ours.)
 

 It is clear from the defendant’s testimony that he has all of the qualifications of a peddler within the legislative definition thereof, except his statement that he is a
 
 manufacturer.
 

 The State contends that the exemption is in favor of manufacturers located in the State and not those whose places of business are situated outside of the State. In Cooley on Taxation, vol. 2 (4th Ed.) par. 757, it is stated:
 

 “Manufacturing companies — In General. To encourage the' establishment of manufacturing companies within their borders, many states and municipalities have exempted them wholly or in part from taxation. The object of the exemption is a reward for the great incidental benefits conferred by such establishments on the people of the state. These statutes and ordinances vary considerably in their scope. Some apply only to franchise taxes. Others exempt from all taxes. In at least one state the exemption is limited to corporations ‘organized exclusively for manufacturing purposes’; but it is held thereunder that the mere possession of an ancillary power which a manufacturing corporation has never used nor sought to use, which it had express legislative permission to hold, and which was intended for use only in aid of its manufacturing enterprises, does not deprive the corporation of its exemption as a manufacturing corporation. In other states the exemption is limited to manufacturing companies ‘carrying on business in this state’ or having a certain per cent of their capital invested in manufacturing within the state. In New York the exemption from franchise taxation is of manufacturing corporations ‘wholly engaged in carrying on manufacture within the state.’ ”
 

 In Corpus Juris, vol. 38, p. 989, § 61, we find the following:
 

 “It is the policy of the State to encourage manufacturing enterprises as evidenced by the laws existing in some jurisdictions whereby some manufacturing enterprises are exempted from taxation * * *
 

 In the case of Chickasaw Cooperage Co. v. Police Jury, 48 La.Ann. 523, 19 So. 476, 477, the court said:
 

 “In order to encourage activity and development in this state in the manufacture of needful articles, and thereby adding to the value of the commonwealth, the law exempting designated capital was adopted. Construing and interpreting the law, it has heretofore been held, as shown by the syllabus, which reads : ‘Articles not manufactured in this state, and carried in stock by the manufacturer with his articles manufactured here, although incidental to his business, are subject to taxation.’ Taylor Bros. Iron Works Co. v. City of New Orleans, 44 La. Ann. [554] 555, 11 So. 3. A statute exempting manufactured articles does not exempt manufactured articles whether manufactured here or not. The material point in view of the article of the constitution in' question is that the article shall be manufactured here.”
 

 
 *879
 
 See, also, Downs v. Drew, 166 La. 439-444, 117 So. 454.
 

 The Louisiana Legislature, at its 1936 Regular Session passed a joint resolution, Act No. 68 of 1936, submitting a constitutional amendment to section 4 of article 10 of the Constitution, providing for the exemption of cattle, livestock, animals, and poultry from taxation, and providing that any new industry to be established in the State, or an addition or additions to any industry already existing in the State be exempt from taxes for a period of ten calendar years. This constitutional amendment was voted upon and approved in November, 1936.
 

 In Corpus Juris, vol. 25, p. 9, § 7, we find:
 

 “Inasmuch as
 
 the exemption right
 
 is a creature of the Statute, the extent or limitation, or even the very existence of the right itself, is often determined by the usual principles of statutory construction, as for instance,
 
 the principles that the intention of the lawmaker must prevail over the literal sense of the
 
 terms,
 
 and the reasons and intention of the Statute must prevail over its strict letter. *
 
 * *"
 

 There can be no doubt that the purpose of
 
 granting the exemption was
 
 to foster and encourage the establishment of manufacturing industries in this State. The Legislature had no interest or jurisdiction over manufacturers located in other States and, consequently, the legislators would not have them in mind in passing a statute. This is made clear when we consider the fact that the Legislature in the very paragraph E under consideration, defined the noun “peddler.” Surely, the Legislature was not concerned with peddlers in other states and was dealing solely and only with peddlers who sell their wares in Louisiana. The controversial language “other than manufacturers who sell their products to dealers for resale,” is a part of the sentence defining “peddler.” To say that the Legislature had in mind manufacturers outside of the State, when it was dealing with a matter solely within the State, would be unreasonable. It is our conclusion that it was the intention of the Legislature in placing the exemption in section 16 of the General License Statute to limit the application thereof to manufacturers whose plants are located in the State of Louisiana. Therefore, defendant would not be entitled to the exemption, since the manufacturing plant that he claims an interest in is located outside of the State.
 

 In .
 
 the
 
 alternative, the defendant pleaded that the relevant part of section 16 of the statute is unconstitutional. It is said that the above interpretation would make the statute unconstitutional, in that it would be arbitrary and discriminatory and. an illegal interference with interstate commerce. There is unquestionably a substantial difference between a manufacturing plant located outside the State and one situated in
 
 the
 
 State. This real difference, justifying a separate classification, was recognized by the Supreme Court of the United States in upholding the constitutionality of a Statute in the state of North Carolina in the case of Armour Packing Co. v. Lacy, 200 U.S. 226, 26 S.Ct. 232, 50 L.Ed. 451. See, also, Singer Sewing Machine Co. v. Brickell, 233 U.S. 304, 34 S.Ct. 493-497, 58 L.Ed. 974; Armour & Co. v. Virginia, 246 U.S. 1, 38 S.Ct. 267, 62 L.Ed. 547; State Board of Tax
 
 *881
 
 Com’rs of Indiana et al. v. Jackson, 283 U.S. 527, 51 S.Ct. 540-548, 75 L.Ed. 1248, 73 A.L.R. 1464.
 

 No attempt is made to show in what way a license tax on a person who sells goods in Louisiana, which was manufactured outside of the State, would be an interference with interstate commerce. It is conceded that the merchandise was not in transit but was brought into the State for the sole and only purpose of selling and reselling it here, consequently, there was not the slightest interference with interstate commerce.
 

 Our interpretation of the statute is not only reasonable and in accord with the jurisprudence of this State and the other authorities cited, but is in keeping with the contemporaneous construction placed upon the act by the executive and administrative authorities in charge of its execution and does not make the pertinent part of the act unconstitutional.
 

 • Section 16, par. (a) of the statute provides that each peddler shall pay an annual license in the sum of $200 when traveling in a motor vehicle or truck.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the State of Louisiana and against the defendant, T. C. Bridges, Jr., in the sum of $200 with 2 per cent, penalty per month from March 1, 1935, together with the sum of $25 as sheriff’s fees for effecting the seizure, and confirming the State’s privilege upon defendant’s Chevrolet truck and the brooms which were seized by the sheriff.
 

 It is further ordered, adjudged, and decreed that the rule be made absolute and the sheriff of the parish of Rapides ordered .to sell the truck and brooms, after due legal advertisement, according to law, and that, from the proceeds of the sale, the State of Louisiana be paid the aforesaid sums in preference and priority over all other creditors; defendant to pay all costs of court.
 

 O’NIELL, C. J., absent.
 

 ODOM, J., takes no part.